BAILEY *Judge of Probate, &c. vs.* SMITH *& al. Ex'rs.*

A writ returnable to the *Supreme Judicial Court,* bearing the seal of the *Court of Common Pleas,* was quashed on motion of the defendant, though made at a term long subsequent to the return term.

The seal is matter of substance and not amendable.

THE writ in this case was entered at the *May* term of this Court, 1830, and was made upon a Common Pleas blank, having the seal of that court impressed thereon.

At the *September* term, 1834, the defendant moved, that the writ be quashed for the want of a seal, and the plaintiff moved for leave to amend by affixing the seal of this Court.

*F.*<sup>2</sup>*Allen,* for the plaintiff, contended, that it was now *too late* for the defendant to make this motion. It should have been done at the return term. By not insisting on the objection then, he may be considered as *waiving* it.

At all events, it is matter of form and so amendable. *Ripley* v. *Warren,* 2 *Pick.* 592; *Maine Stat. ch.* 59, § 16; *Sawyer* v. *Baker,* 3 *Greenl.* 29.

*Farley,* for the defendants, cited *Hall* v. *Jones,* 9 *Pick.* 446.

WESTON C. J.— This Court has its seal; so has the Common Pleas. They are in the keeping of the proper officer, to be used in the authentication of process, and other public papers, to which they are to be applied. The process of each Court is by law to be under its own seal; and the impression is not here a mere matter of form. A seal has been adopted by this Court, with appropriate devices. It gives additional solemnity to the papers, to which it is affixed, and renders it more difficult to forge or counterfeit them.

It has been decided by this Court, in *Sawyer* v. *Baker,* 3 *Greenl.* 29, that if the clerk omit to affix the seal of the Court

to an execution, it may be amended, even after the execution has been extended on lands, and the extent recorded. But that was a judicial writ; and the amendment was allowed upon authorities applicable to that kind of process.

In *Hall* v. *Jones*, 9 *Pick.* 446, where an original writ, like the one before us, had the seal of the Common Pleas, instead of that of the Supreme Court, to which it was returnable, the plaintiff moved that the writ should be amended by affixing the proper seal; but the Court decided that it could not be done. It is true, that in *Massachusetts*, their constitution has provided, that such process should be under the seal of the court from which it issued. But the act of the legislature, under their constitutional powers, is equally binding upon us, with the provisions of the constitution. It is only where they conflict, that the latter has paramount authority.

Upon the whole, we regard the seal matter of substance, and the process being an original writ, not amendable. We regret that the defect was not pointed out at an earlier stage of the proceedings; but we are not satisfied that it is now too late to take the objection. It is insisted that it ought to be held to have been waived by the defendants. If the requisition, in regard to the proper seal, had been to secure an advantage to them, as the provision that a writ shall have an indorser does, the ground of waiver would more properly apply. We do not abate the process so much for the sake of the defendants, as because the plaintiff has departed from a substantial requirement of law of a public nature, in bringing his action.

*Writ abated.*