IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF FRANKLIN.

## 1849.

JOHN WITHEREL & al. *versus* GEORGE R. RANDALL.

Exceptions from the District Court will be dismissed, if introduced into this Court before the action shall have been prepared by nonsuit, default, verdict or otherwise, for its final disposition in the District Court.

Thus, an amendment having been allowed in the District Court, exceptions were taken, and, before any further proceedings were had in the District Court, the exceptions were entered here. *Held*, the exceptions must be dismissed.

The want of the seal of the proper court, to an original writ, is an unamendable defect.

EXCEPTIONS from the District Court, GOODENOW, J.

Assumpsit. The writ was without seal. The defendant moved that it be quashed for that cause. The plaintiff moved for leave to affix a seal, which was allowed, and the seal of the Court was affixed, and the defendant's motion was refused. The defendant excepted, and before any further proceedings were had in the District Court, the exceptions were entered here.

*Walton*, for defendant, cited 9 Pick. 446 ; 3 Fairf. 196 ; 19 Maine, 204.

*Sherburne,* for plaintiff.

The seal is the only part of an original writ, the form of which is exclusively under the direction of the District Judge; and yet, if he has no authority to allow the correction of an error in relation to it, it is certainly that part of a writ over which he has the least control. But no case is to be found where the Supreme Court has doubted the authority of the Court of Common Pleas or District Court to correct any error which might appear in their own seal.

The Supreme Court has no judicial knowledge or control of the seal of another Court. It does not follow, that a seal cannot be affixed, merely because it is matter of substance. This may show that a Court is not bound to allow such amendment, but it does not take away the right to do it. It is the every day's practice of our Courts to amend matters of substance. Their established rules allow it.

In *Mathews v. Blossom,* 15 Maine, 400, the Court allowed a writ of original summons to be changed to a writ of attachment, and declare at the same time, that it is matter of substance. So in *Ordway* v. *Wilbur,* 16 Maine, 203.

Whatever technical importance may be attached to the seal, there is really no part of a writ, so truly a matter of form, and nothing else but form, as the seal. It neither adds to nor takes from a writ; it conveys no information as to the parties, the action or the cause of action. It is often so faintly impressed, as to make it impossible to say whether it belongs to one Court or another, and the real substance of the writ is the interpretation of the seal.

The *teste* of a writ may be amended, and is declared to be matter of form, although required by the constitution of the State. *Ripley* v. *Warren,* 2 Pick. 592.

The signature of the clerk has been decided in New York to be amendable. *Pepoon* v. *Jenkins,* Coleman's Cases, 55.

The *date* of a writ is amendable. *Parkman* v. *Crosby,* 16 Pick. 297.

The *ad damnum* is amendable. *Danielson* v. *Andrews*, 1 Pick. 156.

SHEPLEY, C. J. — This Court has twice decided that an original writ, without the seal of the proper court, is defective; and that the defect is not amendable. *Bailey* v. *Smith*, 3 Fairf. 196; *Tibbets* v. *Shaw*, 19 Maine, 204. In the present case there was no waiver by a plea to the merits.

The exceptions appear to have been properly taken, but the case was irregularly introduced into this Court before there had been any proceedings in the District Court suitable to present it for final judgment on the merits. *Dagget* v. *Chase*, 29 Maine, 356.

*Exceptions dismissed.*