ROUSH, appellant, *v.* FORT, respondent.

SALE BY EXECUTION — *fraud of creditor.* The sale of real property under an execution, which has been issued in excess of the judgment through the fraud of the creditor, and which the debtor has not sought to correct by an amendment, does not affect the rights of *bona fide* purchasers.

SAME — *mistake of creditor.* The judgment creditor acquires the title to the property of the debtor under a sale, by virtue of an execution, that has been issued through his mistake in excess of the judgment.

SAME — *purchase by fraudulent trustee.* A trustee, who receives the rents of the property which has been delivered to him by his debtor, and does not apply the same upon the judgments according to his agreement, and causes the property to be sold under an execution in excess of the judgment, after allowing the proper credits, and becomes the purchaser, is faithless in the performance of his trust, and the sale will be set aside upon the motion of the debtor.

*Appeal from Third District, Lewis and Clarke County.*

THE orders referred to in the opinion were made by WADE, J. The cause was referred to W. E. Cullen, Esq., who reported findings of facts, which were approved by the court.

W. F. SANDERS and CHUMASERO & CHADWICK, for appellants.

Appellants admit that the evidence cannot be reviewed, but claim that the sale should be set aside for fraud shown by the facts found by the referee. It is a well-settled principle that sales of real property must be conducted with scrupulous care. Sales will be set aside if the process of courts is used to oppress. *King* v. *Platt*, 37 N. Y. 155 ; *Lefevre* v. *Laraway*, 22 Barb. 173.

Fort violated his agreement to apply the rents to the judgments, and sold the property for a larger sum than was due, and became the purchaser of the greater part of the mortgaged property. The sale should therefore be set aside. 1 Van Santv. Eq. Pr. 560 ; *Brinkerhoff* v. *Brown*, 4 Johns. Ch. 676 ; *Tripp* v. *Cook*, 26 Wend. 143 ; *Breese* v. *Busby*, 13 How. Pr. 489 and cases cited.

When several tracts of land are embraced in the decree for the foreclosure of a mortgage, the sale should be made only of so much of the land as will satisfy the debt. If more is sold, the sale will be set aside. *Waldo* v. *Williams*, 2 Scam. 470 ; *Longwith* v. *Butler*, 3 Gilm. (Ill.) 32.

If mortgagee is in possession, or receives the rents, he must credit the proceeds according to the agreement, or the sale will be set aside. *McConnel* v. *Holobush*, 11 Ill. 61.

If the sale is made for more than is due on the execution, the same will be nugatory. *Peck* v. *Tiffany*, 2 N. Y. 451. The amount demanded by the usurer above what was due may have prevented the appellants from paying off the judgment, and from redeeming. *Hunt* v. *Loucks*, 38 Cal. 380. The maxim *de minimis non curat lex* does not apply. Broom's Max. 100.

TOOLE & TOOLE, for respondents.

The purchasers at the sale had no notice of the agreement between Fort and Roush, and could not be affected by the latent equity complained of by appellants. Civ. Pr. Act, §§ 271, 272, 279.

Appellants should have enjoined the sale. They might tender the purchase-money to the purchaser, if the equities would warrant it, and have some standing in a court of equity. *Frost* v. *Coon*, 30 N. Y. 428; *Am. Ins. Co.* v. *Fisk*, 1 Paige, 90; *Jackson* v. *Willard*, 4 Johns. 41; *Livingston* v. *Byrne*, 11 id. 555; *Billington* v. *Forbes*, 10 Paige, 487.

If the case had been reversed the sale would not be set aside, although the judgment had been reduced one-half. *Wood* v. *Jackson*, 8 Wend. 9; *Blakely* v. *Calder*, 15 N. Y. 617 *Buckmaster* v. *Carlin*, 3 Scam. 104; *Holden* v. *Sackett*, 12 Abb. Pr. 473; *Alvord* v. *Beach*, 5 id. 451.

The court will not set aside a sale upon an original bill. It should have been by a summary application in the original suit. *Requa* v. *Rea*, 2 Paige, 339; *Nicholl* v. *Nicholl*, 8 id. 349; *Brown* v. *Frost*, 10 id. 243; *Collier* v. *Whipple*, 13 Wend. 224; *McCotter* v. *Jay*, 30 N. Y. 80; *Gould* v. *Mortimer*, 26 How. Pr. 167.

The sale will not be set aside as to third parties. The amounts paid by them are not set out in the pleadings, and their rights cannot be protected if the sale is set aside.

The sale cannot be set aside as to Fort, because it does not appear that the property would realize more on a second sale. No injustice has been done. The master finds that the property was

sold for $107.76 more than was due. The court could only set aside the sale of the last parcel, under any circumstances. It is not shown that appellants have been injured by the sale. The appellants have their equity of redemption. The property was fairly sold and brought good prices, and there is due appellants $107.76 from the proceeds of the sale of the last parcel.

BLAKE, J.   The respondent Fort commenced an action against the appellants February 23, 1871, to foreclose a mortgage upon real property, and obtained a judgment March 16, 1871.   On November 10, 1871, the premises were sold by the sheriff under an execution to the respondents Fort, Reese and Stoner, who purchased separate parcels, and received certificates of sale therefor.   The appellants commenced this action April 23, 1872. The complaint alleged that the sale to the respondents was irregular and void, and prayed that the same be set aside, and that the possession of the property be restored to the appellants.   The cause was referred to a master in chancery, who submitted his findings March 5, 1873.   The court then ordered that the sale be confirmed, and that the respondents have the income of the property from the day of the sale.   This appeal was taken from this order.

The respondent, Fort, and the appellants made a written agreement July 8, 1871 by which the property was not to be sold until after October 1, 1871.   Fort was to have the possession and rents of the premises, and receive interest at the rate of two and one-half per cent per month from July 1, 1871, upon the judgment recovered by him and one judgment which he bought.   The income of the property was to be applied at the end of every month upon the judgments and any other indebtedness held against the premises by Fort.   Under this agreement Fort collected $815, and paid $159.79 for the redemption of the property from a tax sale, at which he was the purchaser, and $84.05, the amount of the tax for 1871.   No part of this sum was applied upon the judgments.   There were due to Fort on the day of the sale upon the judgment, $3,055.79, after allowing all the credits to which the appellants were entitled, including the interest agreed upon and the amounts paid on account of the taxes.   Fort caused the premises

to be advertised and sold to satisfy the amount of the judgments, $3,342.68. The sale appears to have been legal in other respects, and we must determine the effect of the irregularities which have been specified upon the rights of the parties.

An execution which is issued in excess of the judgment can be amended upon motion and is not void, but voidable. A mistake of this character committed by any officer or party interested in the writ does not entitle the appellants to the relief prayed for in their complaint. The executions are regular upon their face, and were issued upon two valid judgments rendered against the appellants. The respondents, Reese and Stoner, had no knowledge of the agreement between Fort and the appellants, and purchased their portions of the premises in good faith and for a valuable consideration. If the record shows that the court had jurisdiction to render the judgments against the appellants, and the executions were valid, the rights of Reese and Stoner cannot be impaired by any secret vice in the proceedings of Fort under the agreement. In *Reeve* v. *Kennedy*, 43 Cal. 650, Mr. Justice CROCKETT says: " The repose of titles, and indeed every consideration of public policy, demands that a purchaser at a judicial sale, without notice, under proceedings regular on their face, and by a court of competent jurisdiction, should be protected as against mere errors of the court, and against secret vices in the proceedings founded on fraud, accident or mistake, and which can only be made to appear by the proof of extrinsic facts not appearing on the face of the record." In *Hunt* v. *Loucks*, 38 Cal. 372, Mr. Justice SANDERSON reviews the authorities, and says: " We understand the settled rule to be that if the execution be merely erroneous, that is to say, voidable, a sale under it to a *bona fide* purchaser will be valid, although the execution be afterward set aside." * * * " An execution which is amendable is not void, and an execution which merely calls for too much money is amendable." *Blood* v. *Light*, 38 Cal. 649, and cases there cited. The appellants did not make any motion to amend the executions, and we are satisfied that the interests of the respondents, Reese and Stoner, as purchasers of the property in controversy, cannot be affected by this action. *Martin* v. *Parsons*, 49 Cal. 99, and cases there cited.

If the executions were issued in excess of the judgments

through a mistake upon the part of the respondent, Fort, the appellants cannot obtain the relief sought against him. But the legal relations of these parties were changed by the agreement which was entered into. This respondent then occupied the position of a trustee for the appellants, and was required to apply upon the judgments certain funds which came into his hands. He reaped all the advantages of the bargain upon his side, and received an exorbitant rate of interest, when the statute allowed him ten per cent per annum, and acquired the possession of the property before the same could be obtained by the aid of legal process. After Fort neglected to perform his trust, by applying upon the judgments the money which he had received for this purpose, he caused the executions to be issued for the sale of the property, and became a purchaser. Will a court of equity tolerate this conduct?

The law guards sedulously the rights of the debtor in the steps that are taken for the sale of his property, and will not sanction the slightest undue advantage over him. In *King* v. *Platt*, 37 N. Y. 160, the court says: "A court of equity justly scrutinizes the conduct of a party placed by the law in a position where he possesses the power to sacrifice the interests of another in a manner which may defy detection, and stands ready to afford relief on very slight evidences of unfair dealing, whether it is made necessary by moral turpitude, or only by a mistaken estimate of others' rights." A sale will be set aside when there has been fraudulent conduct in the purchaser. *Lefevre* v. *Laraway*, 22 Barb. 167, and cases there cited; *Breese* v. *Busby*, 13 How. Pr. 485. The holder of a mortgage does not stand upon the same footing of public policy with other buyers. *Tripp* v. *Cook*, 26 Wend. 158. "If one acting as trustee for others becomes himself interested in the purchase, the *cestuis que trust* are entitled, of course, to have the sale set aside." *Stephen* v. *Beall*, 22 Wall. 340, and cases there cited. The respondent, Fort, misapplied the funds intrusted to him, endangered the interests of the appellants, and showed a want of reasonable fidelity to his trust. 1 Story's Eq. Jur., § 239; 2 id., § 1289. He was faithless in the performance of his fiduciary duty, and the foregoing authorities declare the conse-

quences of his misconduct.   We cannot allow a party to take advantage of his own wrong, and must set aside the sale of the property to Fort.

*Cause remanded for further proceedings.*