No. 11,114.

GORDON *v.* GOODMAN ET AL.

DEED.—*Defective Description.*—*Suit for Breach of Covenant.*—*Complaint.*—*Mistake.*—*Reformation.*—Where a deed purports to convey lands by a description so defective that it is for that reason void, no suit for breach of the covenant of seizin therein can be maintained without showing a mistake and also séeking a reformation of the instrument.

From the Grant Circuit Court.

*H. D. Thompson* and *T. B. Orr,* for appellant.

*I. VanDevanter* and *J. W. Lacey,* for appellees.

COLERICK, C.—This action was brought by the appellant against the appellees, upon certain covenants recited in a deed of conveyance executed to the appellant by the appellees for certain real estate in Pulaski county, Missouri. A demurrer was filed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, which was sustained by the court, and the appellant refusing to amend, final judgment, on demurrer, was rendered against him, from which he appeals, and assigns as the only error for the reversal of the judgment the ruling of the court upon the demurrer. The complaint, in substance, averred that the appellee Isaac Goodman, on the 31st day of October, 1877, by his deed of general warranty, a copy of which was filed with and made a part of the complaint, conveyed to the appellant "the following described real estate, situate in the county of Pulaski, in the State of Missouri, to wit: And part of the southeast quarter of section 25, commencing at the southwest corner of the southwest quarter of the southeast ˙quarter of said section, running thence west to the cross fence between Berry Warther and Alvis Goss, thence northeast to the half-mile line, thence south with said line to the place of beginning, containing in all one hundred and eighty acres"; that said land was worth $3,240, which was the sum that the appellant paid therefor; that said appellee was not then the owner of said real estate, or any part thereof, and that since

then he has never acquired title thereto, and that at the time of the execution of the conveyance said and was owned by Richard Brown and ———— Decker, although the same was then unoccupied, and not in the actual possession of any person; that the appellant, immediately after the execution of the deed, attempted to enter upon the possession of the land, but was prevented from doing so by the owners thereof, and that he never has had, nor has he been able to acquire, the possession of the land, or any part thereof, and that said appellee has never at any time placed him in possession of the same, but has at all times failed and refused to do so. It was also averred that the appellee Parallee Goodman was, at the time of the execution of the deed, and still is, the wife of the appellee Isaac Goodman, and that she joined with him in the execution of the deed. Wherefore he prayed judgment, etc.

In the copy of the deed which was filed with and made a part of the complaint the land was described precisely the same as in the complaint.

We are advised by the appellant, in his brief, that the court below held that the real estate above referred to was insufficiently described in the deed, and that the description thereof, as therein set forth, was void, and for that reason sustained the demurrer to the complaint. We think that the conclusion so reached by the court was correct. It will be observed that the township and range in which the land attempted to be conveyed is situated are not stated. It would be impossible for any person to locate the land intended to be conveyed from the description set forth in the deed, as it furnishes no means by which the land can be identified, and for the same reason it would have been impossible for the appellant, under the averments in his complaint, if an issue had been formed thereon, to have proved, as he would have been compelled to do to entitle him to recover, that Brown and Decker were, at the time of the execution of the deed, the owners of the land therein described. No such proof could have been made, as no land which could be identified or located was described

either in the deed or complaint. It is well settled by the authorities that if the subject of a grant can not be ascertained from the description set forth in the deed of conveyance, the grant becomes void from the necessity of the case. 3 Washb. Real Property, 381; 2 Wait Actions and Defenses, 503; *Shoemaker* v. *McMonigle,* 86 Ind. 421; *Craven* v. *Butterfield,* 80 Ind. 503; *Buck* v. *Axt,* 85 Ind. 512; *Lewis* v. *Owen,* 64 Ind. 446, and the cases there cited.

If the description of the land as set forth in the deed was a mistake of fact, it may be reformed and corrected. See *Armstrong* v. *Short,* 95 Ind. 326, where the decisions of this court upon the question are cited and reviewed. And an action for that purpose may be instituted against the grantors in the county where they reside, although the land upon which the deed operates is situated in another State. *Bethell* v. *Bethell,* 92 Ind. 318. And, we think, that in such an action the additional remedy of recovering damages for a breach of the covenant may be had, if the facts stated in the complaint justify it. See *Hunter* v. *McCoy,* 14 Ind. 528; *Gigos* v. *Cochran,* 54 Ind. 593.

The complaint in this case, in its most important features, closely resembles the complaint in the case of *Gigos* v. *Cochran, supra,* which was an action to enforce the specific performance of a contract for the sale of real estate which was insufficiently described in the contract. It was held by this court that the contract was void for uncertainty in the description of the property that was sold, and that a complaint for the specific performance of such a contract, alleging no mistake, and praying for no reformation of such description, though alleging the payment of the purchase-money for the real estate by the plaintiff and his possession and improvement thereof, is bad on demurrer for want of sufficient facts. This court there said : " It is very evident that the description of the land sold, as set out in the writing alleged to have been executed by William Duncan, agent of or for George W. Cochran, to John Ewing, Sr., is absolutely void for uncertainty.

No surveyor could locate the land sold, from the description thereof in said writing. * * * The appellants have not alleged, in the amended third paragraph of their complaint, that there was any mistake in the description of the land sold, as the same was described in the writing sued upon; nor have they sought, in or by said paragraph, to have the said writing reformed in any particular. But, counting as they did upon an instrument of writing, which was void upon its face for uncertainty in the description it contained of the land sold, the appellants have sought, by their amended complaint, to enforce the specific performance of such void writing, without even an allegation of any mistake therein, or a simple demand for its reformation. The specific performance of such a contract * * can not be enforced as it was written, without correction or reformation, by the judgment or decree of any court. If there were mistakes in the contract, upon the proper averments, sustained by sufficient evidence, such mistakes might be corrected; and then, in a proper case, a judgment for specific performance might be obtained. And under our code of practice, a party may, by proper allegations in his complaint and upon sufficient evidence, obtain the correction of mistakes in a written contract, and also the specific performance of such contract, in one and the same action." The case cited is directly in point, and decisive of the question presented in this case. Probably, in a case like this, it would be unnecessary for the grantee to procure a correction of the description of the property sold, in order to recover damages for a breach of the covenant of seizin, if, as alleged in this case, the grantor was not the owner at the time of the execution of the deed of the real estate sold by him.

We think that in such a case a complaint will be sufficient if it correctly describe the real estate which was actually sold by the grantor, and which he intended to convey to the grantee, and avers that he was not the owner thereof. But the complaint in this case was fatally defective, as no mistake

in the description of the land was alleged, nor was any reformation of the deed sought.

No error was committed in sustaining the demurrer to the complaint.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Nov. 15, 1884.