Calton *et al. v.* Lewis *et al.*

No. 13,637.

## CALTON ET AL. *v.* LEWIS ET AL.

DEED.—*Description.—Mistake.— When Deed not Void.*—The omission from the description contained in a deed of the name of the State in which the land is situate does not render the deed void, if, taking all the facts appearing upon its face, with the legal presumptions which flow from them, a true description may be supplied by the aid of averments and proof.

SAME.—*Reformation.—Breach of Covenant of Seizin.—Damages.*—In such a case, it is not essential to the grantee's right to recover damages for a breach of the covenant of seizin that the deed should first be reformed; the deed not being void, it is only necessary that the identity of the land described be proved, under proper averments, and that a breach of the covenant, with resulting damages, be shown.

SAME.—*Mistake of Fact.— What is.*—It is a mistake of fact when, through ignorance, inadvertence, negligence or otherwise, the description in a deed does not in fact embrace the land which the parties intended it should, and which they supposed it did.

SAME.—*Executed in Another State.—Proof of Statutory Sufficiency.*—Whether a deed was executed in conformity with the statute of the State in which it purports to have been executed, so as to constitute a valid conveyance, is susceptible of proof under an averment that the deed was executed and the land conveyed by the grantor.

From the Warren Circuit Court.

*J. W. Sutton* and *W. L. Rabourn,* for appellants.

*J. McCabe* and *E. F. McCabe,* for appellees.

MITCHELL, J.—On the 13th day of March, 1884, Lewis and wife conveyed, by a deed containing covenants of general warranty, seven hundred and fifty-four acres of land to Henry T. and Henry N. Calton. That part of the deed material to be considered reads as follows:

" STATE OF TENNESSEE, LAWRENCE COUNTY.

" For and in consideration of, etc., * * * we, Samuel R. Lewis and Sally J. Lewis, his wife, have this day bargained and sold * * * unto H. T. and Henry N. Calton the follow-

ing described tract or tracts of land, lying and being on the waters of Crowder creek, in the 10th civil district of Lawrence county, in range five, section one, bounded as follows," etc.

This deed was duly acknowledged by the grantors before the clerk of the county court of Lawrence county, in the State of Tennessee.

This suit was brought by the grantees, who alleged in their complaint that, at the time the deed was executed, one Voss was in the adverse possession of a part of the land so conveyed and warranted, holding the same by title paramount to that of the grantors; that the plaintiffs had never obtained possession of the tract so adversely held, and that they had thereby sustained damages, for which they prayed judgment.

The plaintiffs were denied a recovery in the court below, on the ground that the deed was void for want of a sufficient description of the land conveyed, the invalidity alleged being that the State in which the land is situate can not be ascertained from the deed. This objection is not well taken.

"A deed will not be declared void for uncertainty as long as it is possible by any reasonable rules of construction to ascertain from the description found therein what property it was intended to convey." *McDonald* v. *Payne,* 114 Ind. 359; *Wendell* v. *Jackson,* 8 Wend. 183; *Stone* v. *Stone,* 116 Mass. 279.

The inquiry in such a case is, could a surveyor take the deed and ascertain from an inspection of it where the land was located, so that he could mark out the tract, by going upon the land, from the description and references contained in the deed? The only infirmity alleged in respect to the deed in the present case is, that it omits to name the State in which the land conveyed is situate. Upon looking at the deed, it will be seen that it begins thus: "State of Tennessee, Lawrence county." It is recited in the body of the deed that the land bargained and sold lies in Lawrence county, and the grantors appeared before the clerk of the

county court of Lawrence county, in the State of Tennessee, and acknowledged the deed. Coupled with an averment in the complaint that the land bargained and sold, and intended to be conveyed, was situate in Lawrence county, in the State of Tennessee, the plaintiffs were entitled to show the facts, and in case a breach of the covenants of warranty existed, as alleged, to recover damages accordingly.

The true rule upon the subject is, that where the description in a deed or mortgage is so uncertain as to afford no reliable clue to a more correct and definite description, as in case there is nothing in the instrument to indicate the State, county or locality in which the land is situate, it will be held void; but if, taking all the facts which appear upon the face of the instrument, and the legal presumptions which naturally flow from those facts, a true description may be supplied by aid of proper averments and proof, the instrument will be held sufficient. *Dutch* v. *Boyd,* 81 Ind. 146; *Noland* v. *State, ex rel.,* 115 Ind. 529.

That part of a deed or contract which relates to the description of the premises should be liberally construed, so as to make the instrument available (*Hannon* v. *Hilliard,* 101 Ind. 310), and a court will only declare a deed void for uncertainty when, after resorting to oral proof, it still remains mere matter of conjecture what was intended by the instrument. *Roehl* v. *Haumesser,* 114 Ind. 311, and cases cited. The omission to repeat the name of the State, after the recital that the land was situate in the county of Lawrence, was not, as is contended, a mistake of law. It is an error to suppose that a written instrument can only be corrected where the mistake results from the omission or insertion of words different from those agreed upon, or contrary to the expressed intention of the parties. It is a mistake of fact when, through ignorance, inadvertence, negligence or otherwise, the description in a deed does not in fact embrace the land which the parties intended it should, and which they supposed it did. The inquiry in such a case

must be, what was the subject of the contract, not what words were agreed upon as descriptive of the land. *Baker* v. *Pyatt,* 108 Ind. 61; *Keister* v. *Myers,* 115 Ind. 312. If, therefore, the name of the State was omitted through the negligence or inadvertence of the parties, or of the scrivener who prepared the deed, or if it was supposed that the State in which the land was situate was sufficiently identified by the caption to the deed, it does not constitute a mistake of law of which the grantor can avail himself when asked to respond for a breach of the covenants contained in the deed. In a case like the present, it is not essential to the grantees' right to recover damages for a breach of the covenant of seizin that there should first be a reformation of the deed.

The deed not being void, it is only necessary that, under proper averments, the identity of the land described in the deed be proved, and that it be shown that there was a breach of the covenant of seizin, and that the plaintiffs have sustained damages in consequence. *Roehl* v. *Haumesser, supra.* If the facts make a case entitling them to the reformation of their deed, they may recover without first having it reformed. *Gordon* v. *Goodman,* 98 Ind. 269.

The deed contains a valid covenant of seizin, and whether or not it was executed in conformity with the statute of the State of Tennessee, so as to constitute a valid deed of conveyance, was susceptible of proof under the averments in the complaint that the defendants had executed a deed and conveyed the land therein described. *Bethell* v. *Bethell,* 92 Ind. 318. The rulings of the court seem to have been based upon the assumption that the deed was void for want of a sufficient description of the land. This was error, for which the judgment should be reversed.

The judgment is reversed, with costs, with directions to the court to sustain the appellants' motion for a new trial.

Filed May 28, 1889.