No. 14,458.

WARMOTH ET AL. *v.* DRYDEN.

DEED.—*Imperfect Description.—Omission of State and County.—Presumption.*
—Where a deed describes the real estate as being in Scottsburgh, but is
silent as to the county and State in which it is situated, and the deed
was made and acknowledged in Scott county, Indiana, and the parties
thereto are described as being residents of that county, and the cause
was tried in said county in a court of general jurisdiction, and the wit-
nesses spoke of the property as being situated in Scottsburgh, the pre-
sumption is that the land in controversy is in Scott county, Indiana.

EXECUTION.—*Return of Sheriff.—Nulla Bona.—Prima Facie Evidence of In-*
*solvency.*—The issuing of an execution by the plaintiff upon his judg-
ment, and the return of the sheriff thereon that he was unable to find
any property of the judgment defendant upon which to levy, are *prima*
*facie* evidence that he was, at the time, insolvent.

SAME.—*Seal of Court.—Failure to Attach.—Effect of.*—The failure to attach
the seal of the court to an execution does not render it void, but merely
voidable, and the execution with the sheriff's return endorsed thereon
made a *prima facie* case of insolvency against the judgment defendant.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.—Weight of Evidence.—Su-*
*preme Court will not Consider.*—In a suit to set aside a conveyance of real
estate alleged to be fraudulent, the judgment setting aside the convey-
ance will not be disturbed where there is evidence in the record tend-
ing to support the same. The Supreme Court will not undertake to
weigh the evidence heard in the court below.

From the Scott Circuit Court.

*C. B. Harrod,* for appellants.
*W. K. Marshall* and *A. N. Munden,* for appellee.

COFFEY, J.—This was an action by the appellee, in the
Scott Circuit Court, to set aside an alleged fraudulent con-
veyance. The complaint alleges, substantially, that the ap-
pellants are husband and wife; that the appellee recovered
a judgment against the appellant George M. Warmoth in
the Scott Circuit Court on the 1st day of April, 1887, for
the sum of $78.25, and costs taxed at $57.10; that on the
20th day of April, 1887, the appellee caused an execution to
issue on said judgment, which was returned *nulla bona;*

that on the 28th day of May, 1876, the appellant George M. Warmoth purchased from Richard W. Montgomery lot numbered eight (8) in the town of Scottsburgh, in Scott county, Indiana, for the agreed price of $4,000, and paid for the same out of his own means, and for the fraudulent purpose of cheating and defrauding his creditors, and especially the appellee, procured said property to be conveyed to him and the appellant Mahala E. Warmoth, who is, and was at the time, his wife, to be held by them as joint tenants; that at the time of the execution of said conveyance the said George M. Warmoth did not have nor has he since had any property subject to execution out of which appellee could make his debt or any part thereof. The note upon which the appellee's judgment was rendered was executed on the 1st day of January, 1872.

A trial of the cause, by the court, resulted in a finding and decree for the appellee setting aside the conveyance named in the complaint, and ordering the real estate sold for the payment of the appellee's judgment.

The error assigned is that the court erred in overruling the motion of the appellants for a new trial.

The contention of the appellants is that the evidence in the cause was not sufficient to support the finding and decree of the circuit court. It is contended:

*First.* That the evidence does not prove that Montgomery conveyed the property described in the complaint to the appellants.

*Second.* That there is no proof that the real estate described in the complaint is in Scott county, in the State of Indiana.

*Third.* That there is no evidence to the effect that the appellant George M. Warmoth had not other property subject to execution out of which the appellee could have made his judgment, and,

*Fourth.* That there is no proof of the fraudulent intent alleged in the complaint.

The first position assumed by the appellant is, that no grantees are named in the deed from Montgomery to the property, and that the same is, therefore, void and vested in the appellants no title.

It is sufficient to say of this objection that since the filing of the appellants' brief the record has been corrected, by which it is made to appear that the appellants were named in said deed as grantees.

The real estate in controversy is described in the deed as being in Scottsburgh, but the deed is silent as to the county and State in which it is situated. The deed, however, was made and acknowledged in Scott county, Indiana, and the parties thereto are described as being residents of that county. The cause was tried in Scott county, Indiana, in a court of general jurisdiction, without objection, and the witnesses spoke of the property as being situated in Scottsburgh.

Under this state of facts we will presume that the land in controversy is in Scott county, Indiana. *Brownfield* v. *Weicht,* 9 Ind. 394 ; *Ragan* v. *Haynes,* 10 Ind. 348 ; *Godfrey* v. *Godfrey,* 17 Ind. 6 ; *Houk* v. *Barthold,* 73 Ind. 21 ; *Wilcox* v. *Moudy,* 82 Ind. 219 ; *Brown* v. *Anderson,* 90 Ind. 93 ; *Calton* v. *Lewis,* 119 Ind. 181.

The issuing of an execution by the appellee upon his judgment, and the return of the sheriff thereon that he was unable to find any property of the appellant George M. Warmoth upon which to levy, were *prima facie* evidence that he was at that time insolvent. *Baugh* v. *Boles,* 35 Ind. 524; *Bruker* v. *Kelsey,* 72 Ind. 51 ; *Lee* v. *Lee,* 77 Ind. 251.

It is claimed by the appellants, in this connection, that the clerk failed to affix the seal of the court to the execution, and that for this reason it was void, and the return of the sheriff thereon was no evidence of insolvency. While there is much conflict in the authorities upon this subject, the better opinion is that the failure to attach the seal of the court to an execution does not render it void. 1 Freeman Exe-

cutions (2d ed.), section 46; *Hunter* v. *Burnsville T. P. Co.*, 56 Ind. 213; *Rose* v. *Ingram,* 98 Ind. 276.

Freeman, *supra,* says: " Of all the different parts of the writ, this is most purely a mere matter of form, and its omission the least likely to prejudice either of the parties, or to mislead the officer in executing the writ."

We are of the opinion that the omission of the seal of the court did not render the execution void, but merely voidable, and that the execution with the sheriff's return endorsed thereon made a *prima facie* case of insolvency against the appellant George M. Warmoth.

There is some evidence tending to show that he did not have any property left subject to execution at the time of the conveyance in question.

No one testified to the property owned or held by the appellant George M. Warmoth at that time except himself. According to his testimony he had more property than the amount allowed by law as exempt from execution, which property consisted of money, notes and accounts, part of which was in the State of Kentucky.

Whether his testimony was sufficient to overcome the *prima facie* case made by the appellee was a question for the trial court. It is so firmly settled that this court will not undertake to weigh the evidence heard in the court below that we need not cite authorities. There was some evidence tending to prove the insolvency of George M. Warmoth, and as its weight was for the trial court we can not disturb the conclusion reached.

There is some evidence in the record to the effect that George M. Warmoth's relatives in the State of Kentucky had cheated him, and that the object in conveying the property to him and his wife was to prevent them from reaching it. What the nature of the claim held by these relatives was, is not developed by the evidence. The court doubtless concluded from this evidence, and from the circumstances surrounding the transaction, that the object in conveying the

property to appellants as tenants by entireties was to put it beyond the reach of creditors. This conclusion we are not at liberty to disturb.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

