KIPP, RESPONDENT, v. BURTON ET AL., APPELLANTS.

(No. 1,653.)

(Submitted October 8, 1903.   Decided November 4, 1903.)

*Executions—Failure to Seal—Effect—Curative Act.*

1. Code of Civil Procedure, Section 1211, provides that a writ of execution must be issued in the name of the state, sealed with the seal of the court, subscribed by the clerk, and must refer to the judgment, etc.   *Held,* that the failure of the clerk to affix the seal of the court to an execution was a clerical misprision, rendering the execution voidable only.

2. Code of Civil Procedure, Section 1211, requires an execution to be issued in the name of the state and sealed with the seal of the court and subscribed by the clerk.   Act March 2, 1899, p. 145, Section 2, declares that all judicial sales of real property previously made on proceedings to satisfy valid judgments, etc., shall be sufficient to sustain a sheriff's deed based on such sale, and all defects and irregularities in the issuance of execution shall be disregarded.   *Held,* that a sale made under an execution defective by reason of its failure to contain the seal of the court, made prior to the enactment of such act, was validated thereby without any amendment by the court.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Henry Kipp against Ruth A. Burton and others. Judgment in favor of plaintiff.   From an order of the court authorizing and directing the clerk to attach the seal of the court to the writ of execution theretofore issued, defendants appeal. Affirmed.

*Messrs. McHatton & Cotter,* for Appellants.

Citing:   *Banegas* v. *Brackett,* 99 Cal. 623, 34 Pac. 344; *Egan* v. *Egan,* 90 Cal. 15-27, 27 Pac. 22; *Kaufman* v. *Shain,* 111 Cal. 16, 43 Pac. 393-394; 15 Ency. of Pl. & Pr. 344, and note 2; *Power* v. *Lenoir,* 22 Mont. 169, 182; *Stansifer* v. *Kil-*

*bourne* (Cal.), 29 Pac. 232, 235; *Choate* v. *Spencer,* 13 Mont. 127-134; *Ins. Company* v. *Hallock,* 6 Wall. 556; *Sharman* v. *Huot,* 20 Mont. 555, and cases therein cited.

*Mr. C. M. Parr,* for Respondent.

An execution which is amendable is not void. (*Roush* v. *Fort,* 2 Mont. 485; *Blood* v. *Light,* 38 Cal. 649; *Martin* v. *Parsons,* 49 Cal. 99; *Van Cleave* v. *Bucher,* 79 Cal. 600; *Hibbard* v. *Smith,* 50 Cal. 519; *Pecolle* v. *Oliver,* 2 Idaho, 231; *State* v. *Cassidy,* 4 S. Dak. 62; *Corwith* v. *State Bank,* 86 Am. Dec. 796; *Arnold* v. *Nye,* 23 Mich. 292; *Taylor* v. *Courtnay,* 15 Neb. 190; Freeman on Executions, Sec. 46, pages 123-124, and cases cited in note 2.)

Upon the question whether the lack of a seal renders the writ void or merely voidable, the authorities are in conflict, and no attempt can be successfully made to reconcile them. It would seem to be the better opinion, and that which prevails in a majority of the states in which the question has risen, that the omission of the seal is a mere misprision which renders the writ voidable only; and that the writ may be amended. (8 Ency. Pl. & Pr. p. 403; Alabama—*Kyle* v. *Evans,* 3 Ala. 481; Arkansas —*Hall* v. *Lackmond,* 50 Ark. 113; *Whiting* v. *Beebe,* 12 Ark. 421; *Mitchell* v. *Conley,* 13 Ark. 414; Gould's Dig. C. 133, Sec. 116; *Kahn* v. *Kuhn,* 44 Ark. 404; *Rice* v. *Dale,* 45 Ark. 34; *Jetl* v. *Shinn,* 47 Ark. 373; *Bridewell* v. *Mooney,* 25 Ark. 524; *Blank* v. *Rector,* 24 Ark. 496, 88 Am. Dec. 780, and cases cited in note, page 85, 7 Am. Dec.; Florida—*Mitchell* v. *Duncan,* 7 Fla. 13; Georgia—*Dever* v. *Akin,* 40 Ga. 423; Indiana —*Warmath* v. *Dryden,* 125 Ind. 355; *Hunter* v. *Burnsville Turnpike Co.,* 56 Ind. 213; *Rose* v. *Ingram,* 98 Ind. 276; Maine—*Sawyer* v. *Baker,* 3 Me. 29; *Porter* v. *Haskell,* 11 Me. 177; Michigan—*Arnold* v. *Nye,* 23 Mich. 286; Nebraska— *Taylor* v. *Courtnay,* 15 Neb. 190; New York—*Wright* v. *Nostrand,* 94 N. Y. 31; *People* v. *Dunning,* 1 Wend. 16; *Filkins* v. *Brockway,* 19 Johns. 170; *Dominick* v. *Eacker,* 3 Barb. 18; *Scott* v. *Rushman,* 1 Cow. 212; *Toof* v. *Bently,* 5 Wend.

276; Ohio—*Boal* v. *King,* 6 Ohio, 11; Wisconsin—*Corwith* v. *Illinois State Bank,* 18 Wis. 86, 86 Am. Dec. 763; United States—*Aetna Ins. Co.* v. *Hallock,* 6 Wall. 556; *Wolf* v. *Cook,* 40 Fed. 432; Alderson, Jud. W. & P. Sec. 33.)

Every court has power to amend and control its processes and orders so as to make them conformable to law and justice. (Code of Civil Proc. Sec. 110, Subd. 8; *Barber* v. *Briscoe,* 9 Mont. 344; 17 Ency. Pl. & Pr. p. 920; *Hall* v. *Lackmond,* 50 Ark. 113, 7 Am. St. Rep. 84, and cases cited; *Church* v. *English,* 81 Ill. 442; Code of Civil Proc. Sec. 774; Freeman on Executions, Sec. 71, pp. 161-162; Session Laws of 1899, p. 134.)

MR. COMMISSIONER POORMAN perepared the opinion for the court.

In this action plaintiff obtained judgment against defendant Burton for the sum of $364.15 and costs, on April 9, 1896, Thereafter, on April 16, 1896, a writ of execution was issued on said judgment, which writ was correct in all respects so far as the questions here presented are concerned, except that the seal of the court was not placed thereon. On May 11, 1896, the sheriff returned the writ with the indorsement that he had made the amount thereof by selling certain real estate of the defendant. On December 22, 1900, the plaintiff served notice on defendant that he would, on December 26, 1900, move the court to amend the writ of execution by ordering the seal to be placed thereon. At the hearing of this motion on said 26th day of December, 1900, the defendant appeared specially by her attorney "for the purpose of objecting to the jurisdiction of the court to make the order asked for, and upon the further ground that no notice of the said application had ever been served upon defendant or her attorneys." These objections were by the court overruled, "and thereupon the court immediately made an order, and had the same entered of record in the minutes, * * * authorizing and directing the clerk * * * to attach to the said pretended execution * * * the seal of said court." To this action of the court the defend-

ant excepted. From this order so made this appeal is prosecuted.

1. The respondent asks to have this appeal dismissed for the reason that the record contains no copy of the order appealed from. The record presented to this court shows that there is no merit in the motion. It should, therefore, be overruled.

2. The appellant contends that the court erred (1) in permitting said execution to be amended by attaching the seal thereto; (2) in ordering or directing that the seal be attached to the pretended execution *nunc pro tunc,* and (3) in holding that it had jurisdiction to make the said order.

The first question to be considered—and which we deem the vital question in this case—is whether the writ of execution so issued without the seal was void, or merely voidable. If it were void, it could not be amended, for that which is void is not the subject of amendment. If, however, the writ was merely voidable, it could be amended, provided that the amendment was made within the proper time and in the proper manner.

On this question the authorities are in irreconcilable conflict. One line of decisions holds that the common-law rule that an unsealed writ is void should prevail. The other line of decisions maintains that the omission of the seal is a misprision, and may be remedied by amendment. The Code provisions relative to the form and contents of a writ of execution, so far as material here, are found in Section 1211, Code of Civil Procedure, and are as follows: "The writ of execution must be issued in the name of the state of Montana, sealed with the seal of the court, and subscribed by the clerk, and must be directed to the sheriff, and must intelligibly refer to the judgment, stating the court, the county where the judgment roll is filed, and if it be for money, the amount thereof, and the amount actually due thereon, and shall require the sheriff substantially as follows," etc. Appellant refers to the discussion in *Choate* v. *Spencer,* 13 Mont. 127, 32 Pac. 651, 20 L. R. A. 424, 40 Am. St. Rep: 425, as sustaining the contention that the writ in this case is void. The question before the court in that case was whether a sum-

mons not containing the seal of the court was void. The court, in the discussion of the principle involved, stated that the statute, in requiring a summons to be issued under seal, did not change the common law, and then called attention to *Insurance Co.* v. *Hallock,* 6 Wall. 556, 18 L. Ed. 948. This latter case went up from the state of Indiana in 1867. The point decided was that an unsealed order of sale was void by reason of the common law; but in *Hunter* v. *Burnsville Turnpike Co.,* 56 Ind. 213, decided in 1877, it was held that an unsealed order of sale was amendable by reason of the provisions of the statute of 8 Henry VI, c. 12, which was at that time in force in that state; and in *Warmoth* v. *Dryden,* 125 Ind. 355, 25 N. E. 433, the same court says: "While there is much conflict in the authorities upon this subject, the better opinion is that the failure to attach the seal of the court to an execution does not render it void." It is apparent that it was not the intention of the court in *Choate* v. *Spencer* to establish the general doctrine that all writs must be issued under seal, but that reference was made to *Insurance Co.* y. *Hallock* as sustaining the position that the summons must be so issued; for, if a court holds that a subsequent writ must be sealed, it is apparent that the same court would hold that the summons—the original writ, the jurisdictional writ—must likewise be sealed. This construction of the decision in *Choate* v. *Spencer,* and the fact that the court had in mind that a distinction exists between a summons and subsequent writs, are gathered from the closing paragraph of the decision, which is as follows: "We hold in the case at bar that the summons—the jurisdictional writ—under the law and decisions in force and controlling in this jurisdiction at the time of its issuance was void, because not issued under the seal of the court. If this case involved a defective process, issued subsequent to summons, and the acquiring of jurisdiction by the court thereunder, then the contention of respondents that such defect or irregularity could be amended or disregarded might be urged with great force."

Under the Wisconsin statutes, courts are required to disregard

any error or defect in any proceeding not affecting a substantial right.   (Rev. St. Wis. 1898, Sec. 2829.)   Power is given at any stage of the action, before or after judgment, in further-ance of justice, to amend any process by correcting a mistake in any respect.   (Section 2830.)   Under this statute the court, in *Corwith* v. *State Bank of Illinois,* 18 Wis. 560, 86 Am. Dec. 793, says:   "The neglect of the clerk to affix the seal of the court to the writs did not render them void.   It was a defect which could be cured by amendment.   *   *   *   The seals were affixed to the executions by an order of the court before this motion was made to set aside the sales."   These statutes of Wisconsin under which this decision was rendered are substan-tially the same as Sections 774, 778, of our Code of Civil Pro-cedure.

In *Wolf* v. *Cook,* 40 Fed. 432,—a case originating in Wis-consin, and carried to the federal court, involving the question as to whether the omission of a seal from a writ of attachment rendered the writ void or voidable—the court says, in discuss-ing the question with reference to the Wisconsin decision above referred to, and the case of *Insurance Co.* v. *Hallock, supra:*

"It is, however, insisted that, the writ being absolutely void under the rule of the federal court in *Insurance Co.* v. *Hallock, supra,* there was nothing to amend.   *   *   *   Here is a writ that, abiding in the state court, was not void; merely defective, and amendable.   *   *   *   By the simple process of removal of the cause to the federal court because of the diverse citizen-ship of the parties, that which was valid and effective becomes void.   *   *   *   The executive officer of the state court, who, prior to the removal of the cause, was justified in the execution of the writ, by the mere act of removal becomes a trespasser *ab initio.*   It would require a precise declaration of superior and constraining authority to require me to hold to such absurdity. I do not so read the decision in *Insurance Co.* v. *Hallock.* There no question of inherent power to amend or of curative statutes was invoked.   Indeed, the statute authorizing amendment of process by the federal courts (Rev. St. U. S. 948 [U. S. Comp.

St. 1901, p. 695]) was enacted subsequently to that decision.
The court, in its opinion, refers to the case of *Overton* v. *Cheek,*
22 How. 46, 16 L. Ed. 285, holding that a writ of error was
void for want of a seal. Yet since the statute ([Act June 1,
1872, c. 255, Sec. 3] 17 Stat. 197) it has been ruled by that
court that a writ of error may be amended where the seal to the
writ is wanting. (*Semmes* v. *U. S.,* 91 U. S. 21, 24 [23 L. Ed.
293].) The ruling of *Pomeroy's Lessee* v. *Bank,* 1 Wall. 592,
[17 L. Ed. 638], cited in *Insurance Co.* v. *Hallock,* that a bill
of exceptions must be under the seal of the judge, would seem
overruled by *Generes* v. *Campbell,* 11 Wall. 193 [20 L. Ed.
110], but upon other grounds than here considered. In *Tilton*
v. *Cofield,* 93 U. S. 167 [23 L. Ed. 858], the court cites ap-
provingly the case of *Talcott* v. *Rosenberg,* 8 Abb. Prac. (N. S.)
287, holding that a writ may be amended by adding the seal.
\* \* \* In such case the federal courts follow the construc-
tion of the state statute, declared by its court of last resort.
(*Bacon* v. *Insurance Co.,* 131 U. S. 258 [9 Sup. Ct. 787, 33 L.
Ed. 128] ; *Duncan* v. *Gegan,* 101 U. S. 810 [25 L. Ed. 875].")
These federal decisions and the Indiana decision in *Hunter* v.
*Burnsville, supra,* all rendered subsequent to the decision in the
*Hallock Case,* would seem to render that case inapplicable to a
state having a statute permitting amendments to judicial pro-
cesses.

In *Gordon* v. *Bodwell,* 59 Kan. 51, 51 Pac. 906, 68 Am. St.
Rep. 341, the court holds that an order of sale issued without
the seal of the court is void. This holding, however, is by rea-
son of the constitutional provision which requires all writs
to be issued under the seal of the court. However, in *Taylor*
v. *Buck et al.,* 61 Kan. 694, 60 Pac. 736, 78 Am. St. Rep. 346,
the court holds that an execution properly authenticated with
the seal of the court, but lacking the signature of the clerk, is
voidable, and may be amended, and places the decision upon the
ground that, while a seal is a constitutional requirement which
the legislature cannot alter, the signature of the clerk is a statu-
tory requirement, which may be waived by curative statutes.

3. It is contended that the reasoning in *Choate* v. *Spencer, supra,* is applicable to the case at bar. We cannot agree with this contention. There is a distinction between a summons and a writ of execution, and by reason of that distinction the cases of *Choate* v. *Spencer, supra,* and of *Sharman* v. *Huot,* 20 Mont. 555, 52 Pac. 558, 63 Am. St. Rep. 645, are not in point in this case. A summons is issued at the instance of the plaintiff, without any previous action on the part of the court. It is not necessary that it be served by an officer of the court. (Section 635, Code of Civil Procedure.) The court has no jurisdiction of the defendant until the summons is served, and under the decisions in *Choate* v. *Spencer* and *Sharman* v. *Huot, supra,* the defendant cannot be put to the costs and trouble of appearing in court until served with a summons which complies with these specific provisions of law. An execution follows a judgment. The defendant has been in court. The subject-matter has been litigated. The court has jurisdiction. It has been judicially determined that the defendant is justly indebted to plaintiff in a specific sum. It is the duty of the defendant to pay this sum. He did not pay it, and by authority of the court a writ of execution is issued by one official of the court (the clerk), directed to another official of the same court (the sheriff), commanding him to subject the property of the defendant to the payment of the judgment which by other provisions of law is a lien on his real estate, and which it is his duty to pay. The writ of execution is no more jurisdictional than are other orders made and writs issued in the case subsequent to the summons. The court obtained jurisdiction of the subject-matter of the action by the filing of a proper complaint, and of the defendant by the service of a valid summons. Nothing remained over which to acquire jurisdiction. The execution was not jurisdictional. It was only a procedure in the case; its sole function being to carry into effect the judgment of the court. The omission of the seal therefrom did not of itself mislead or injure defendant. The law does not require a copy of the writ to be served upon him. The error in not affixing the seal was an error on the part of an officer of the court acting in a ministerial capacity.

The statute is as imperative with reference to the requirement that the amount due shall be stated in the execution as it is with reference to the provisions relating to the seal, yet this court, under a similar statute, held in *Roush* v. *Fort*, 2 Mont. 482, that an execution directing levy for more than the judgment called for was amendable (Section 251, p. 80, Codified Statutes of 1871-72), and this appears to be the universal doctrine (*Hunt* v. *Loucks*, 38 Cal. 372, 99 Am. Dec. 404; *Van Cleave* v. *Bucher*, 79 Cal. 600, 21 Pac. 954). Executions failing to comply with other positive requirements of the statute have been held amendable. (*Hibberd* v. *Smith*, 50 Cal. 511; *Pecotte* v. *Oliver*, 2 Idaho, 251, 10 Pac. 302; *State* v. *Cassidy*, 4 S. Dak. 62, 54 N. W. 928.) The provisions of the statutes of amendments (Sections 774, 778, Code of Civil Procedure) are of as commanding authority as Section 1211 of the same Code, and are as imperative in their directions; and all these sections should be taken into consideration in determining a question of this kind. These considerations lead to the conclusion that the writ of execution issued in this case was not void, but voidable; and in support of this position we cite the following cases, not heretofore referred to in this discussion: *Hall* v. *Lackmond*, 50 Ark. 113, 6 S. W. 510, 7 Am. St. Rep. 84; *People* v. *Dunning*, 1 Wend. 17; *Wright* v. *Nostrand*, 94 N. Y. 31; *Dever* v. *Akin*, 40 Ga. 423; *Lowe* v. *Morris*, 13 Ga. 147; *Mitchell* v. *Duncan*, 7 Fla. 13; *Taylor* v. *Courtnay*, 15 Neb. 190, 16 N. W. 842; *Sawyer* v. *Baker*, 3 Me. 29; *Porter* v. *Haskell*, 11 Me. 177; Freeman on Executions, 3d Ed., par. 70 *et seq.*; *Bailey* v. *Smith*, 12 Me. 196; *Arnold* v. *Nye*, 23 Mich. 286; *Witherel* v. *Randall*, 30 Me. 168.

4. The Act of March 2, 1899 (Laws of 1899, p. 145), contains the following provision: "Sec. 2. All judicial sales of real property heretofore made in this state on proceedings to satisfy valid judgments or decrees of any court, and the monies bidden thereon paid to the officer making such sale, shall be valid and sufficient in law to sustain a sheriff's deed based on such

sale, and when no such deed has been executed, shall entitle such purchaser to such deed; and such deed when executed, shall be sufficient to convey all the title of the judgment debtor in the premises so sold to the purchaser at said sale, and all defects and irregularities in the issuance of execution, or the manner of making or conducting the sale, shall be disregarded." The effect of this law is to cure the defect in this execution, and render the sale had thereon valid. It is immaterial what action was taken by the court with reference to amending this writ at any time subsequent to the enactment of the law above quoted. The writ was made valid by that law without amendment, and the other assignments of error are immaterial.

We recommend that the order in the case be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order appealed from is affirmed.

