## GERNT *v.* FLOYD *et al.*[*]

## (*Nashville.*  December Term, 1914.)

**1. DEEDS.  Description.  Property conveyed.**

Where any reasonable construction of a deed will render a description sufficiently definite to show what property was intended to be conveyed, the court should adopt such construction. (*Post, p.* 122.)

Case cited and approved:  White v. Hembree, 1 Tenn., 529.

**2. DEEDS.  Description.  Property conveyed.**

Where the description in a deed is uncertain, the court should adopt the viewpoint of the parties, and hold the deed valid, if a sufficient description may be found from a consideration of the recitals and the presumptions naturally arising therefrom. (*Post, p.* 122.)

Case cited and approved:  Calton v. Lewis, 119 Ind., 181.

**3. PUBLIC LANDS.  Entry of grant.  Presumption as to granting sovereignty.**

Where a deed described the land conveyed, then situated in Tennessee, as entry No. 555, grant No. 6090, the grant was *prima facie* by Tennessee, although the county in question had been subject to three State sovereignties, the presumption serving to identify the premises conveyed by reference to the land records of the State.  (*Post, pp.* 122, 123.)

Cases cited and approved:  Beal v. Blair, 33 Iowa, 318; Butler v. Davis, 5 Neb., 521.

**4. CHAMPERTY AND MAINTENANCE.  Grants of land held adversely.**

Where land capable of cultivation was occupied only occasionally for logging operations by an adverse holder, there was no such adverse possession as would make a conveyance by the owner champertous and void under Shannon's Code, sec. 3175, provid-

[*]The authorities on the question of the effect of conveyance of land held adversely are gathered in an extensive note in 35 L. R. A. (N. S.), 729.

Gernt v. Floyd.

ing that if any person out of possession sells any lands adversely *held*, champerty shall be presumed until the purchaser shows the *bona fides* of such sale.  (*Post, pp.* 123-125.)

Code cited and construed:  Sec. 3175 (S.).

Cases cited and approved:  Green v. Cumberland, etc., Co., 110 Tenn., 35; Campbell v. Ice & Coal Co., 126 Tenn., 524.

5. **CHAMPERTY AND MAINTENANCE.**  **Grant of lands held adversely.**  **Character of adverse holding.**

Adverse possession necessary to render void for champerty a conveyance executed by a party out of possession must be at least as high in character as the adverse possession giving title by continuance.  (*Post, pp.* 123-125.)

6. **CHAMPERTY AND MAINTENANCE.**  **Grant of land held adversely.**  **Burden of proof.**

The burden of proof was on defendant in ejectment to show that a deed in the claimant's chain of title was void for champerty, as having been executed by the grantor when the land was adversely held.  (*Post, p.* 125.)

Cases cited and approved:  Alexander v. Polk, 39 Miss., 737; Rogers v. Eagle Fire Co., 9 Wend. (N. Y.), 611; Huston v. Scott, 35 L. R. A. (N. S.) 755.

---

FROM FENTRESS.

---

Appeal from the Chancery Court of Fentress County. —A. H. ROBERTS, Chancellor.

CONATSER & CASE, for appellant.

SMITH & SMITH, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is an ejectment suit, the appeal being that of Gernt, complainant below, from a decree dismissing his bill.

The first ground assigned by the chancellor for his action was that, a deed offered by Gernt as a link in his title chain was void for lack of sufficient definiteness in the description of the property. The conveying clause of that deed sets out numerous tracts and describes the eighth tract, here involved, as follows:

"All our interest in the following described lands in the county of Fentress, State of Tennessee, to wit: . . . (8th) Entry No. 555, Grant No. 6090."

It is said in support of the chancellor's ruling that there does not appear on the face of the deed the name of either the enterer or the grantee, the date of either the entry or the grant, what the acreage was, or what State issued the grant; that the territory now covered by the limits of Fentress county before the Cession Act of 1789 belonged to the State of North Carolina, which as sovereign issued grants; that a strip of that county's territory along its north line (which is the Tennessee-Kentucky State line) was formerly claimed by the State of Kentucky, but was yielded by that State to Tennessee under a convention or treaty between the two States on terms that patents to lands therein which had been issued by Kentucky should be recognized by this State. It is argued that there appear, therefore, to be three States which in the past have issued grants of land in what is now Fentress county, either or all of which may have issued grants designated by the

number 6090, and that since the date of the grant is
not set out to indicate that Tennessee was, since the
cession and convention referred to, ncessarily the issu-
ing sovereign, the description is too vague and uncer-
tain to pass title.

The chancellor, we are persuaded, failed to give
weight to certain rules for the construction of deeds.

First, instead of being astute to find some possibility
that might, when taken into consideration, render the
deed void, it was the duty of the court to uphold the
deed if by any reasonable construction it was possible
to ascertain from the description what property it was
intended by it to convey, and a liberal construction
should have been given to afford a basis for validity.
*White* v. *Hembree,* 1 Overt. (1 Tenn.), 529; 1 Jones,
Real Prop., section 323.

Where a degree of uncertainty arises from the
descriptive words, as to their application to a subject-
matter, the court should assume the position and view
the circumstances of the contracting parties, and hold
the deed valid if from a consideration of its recitals
and the presumptions naturally arising a sufficient
description may be found or assigned.  *Calton* v.
*Lewis,* 119 Ind., 181, 21 N. E., 475.

The natural presumption is that a grant of land
described as being located in this State is a grant
issued by this State, not another.

When, further, it is considered that the sovereignty
of North Carolina over lands in the borders of Ten-
nessee terminated over a century ago, and that at that

Gernt v. Floyd.

time lands in Fentress county were not being settled, it would be a violent and unnatural strain to assign a recited grant of as high a number as 6090 to that State as issuer. And it would be possible, though highly improbable, that Kentucky in the narrow strip, referred to above, over which it attempted, at an early day, to exercise sovereignty, issued a grant so numbered and based upon an entry 555.

We therefore, hold that the words "Entry No. 555, Grant No. 6090" should be referred to this State as sovereign grantor. *Beal* v. *Blair*, 33 Iowa, 318; *Butler* v. *Davis*, 5 Neb., 521.

A means of identification, by reference, is therefore given. By referring to the land office records of this State it is made to appear that grant No. 6090 lies in Fentress county, and that it is based upon entry 555; and by proof it is shown that only one grant of that number, from whatever source issuing, is known to exist in that county.

The chancellor bases his decree in favor of the defendants on another and distinct ground: That at the date the above deed to Gernt was executed an antecedent in title of defendants was in the actual possession of the tract of land it purports to convey, and that, therefore, that deed was void for champerty under the terms of our statute which provides:

"If any person sell any lands or tenements not having possession of them by himself, agent, or tenant, the same being adversely held by color of title, champerty shall be presumed until the purchaser show that

such sale was *bona fide.*" Code, Shannon, section 3175.

The adverse holding or possession in order to make a conveyance executed by the party out of possession void for champerty must at least be as high in nature and dignity as that possession which is held to be adverse under the statute of limitation. While not in terms stating this to be the case, our reported decisions on champerty without variation have proceeded upon that conception. *Green* v. *Cumberland, etc. Co.,* 110 Tenn., 35, 39, 72 S. W., 459; *Campbell* v. *Ice & Coal Co.,* 126 Tenn., 524, 532, 150 S. W., 427.

Not only does logic compel such a ruling; considerations of convenience and of symmetry in the body of the law on kindred subject-matters lead us to announce the above rule. A considerable body of law approaching definiteness has already been built up in the decisions of this court as to what constitutes adverse possession of realty under the statute of limitation, and these cases by easy reference may show the indicia of adverse holding in the law of champertous conveyances.

The tract of land in question is, by the weight of the proof, shown to have been, in ample part, capable of cultivation; and the possession as claimed by the defendants consisted of intermittent cuttings of timber on the part of their predecessor in title and the erection by him of an uninclosed, unlocked lumber shack for use as "bachelor quarters" during the logging season only, which structure even was not openly or

notoriously occupied at the date of the challenged conveyance, so far as any definite proof in the record shows.

The burden to show the requisite adverse possession was upon the defendants; and by clear proof of positive facts, rather than by inference or conjecture. *Alexander* v. *Polk,* 39 Miss., 737; *Rogers* v. *Eagle Fire Co.,* 9 Wend. (N. Y.), 611; note to *Huston* v. *Scott,* 35 L. R. A. (N. S.), 755.

Other contentions of the parties are disposed of orally.

The decree of the chancellor is reversed, and the cause remanded for further proceedings.