### The State *versus* Guy McAllister.

If the warrant is made upon the same paper with the complaint, and expressly refers to it, it is a sufficient compliance with the provisions of Rev. Stat. c. 171, § 2.

Exceptions from the Middle District Court, Redington J. presiding.

Southard Phillips made a complaint against McAllister for an assault and battery, in legal form. This complaint was sworn to before a justice of the peace, who made out a warrant for the arrest of McAllister upon the same paper, commencing immediately under the complaint. After the formal part at the beginning, and direction to the officer, the warrant proceeded thus. "Forasmuch as the foregoing complaint hath this day been made upon oath before me, the subscriber, one of the justices of the peace, within and for the county of Waldo, these are therefore in the name of the State of Maine to require you to apprehend the body," &c. containing no recital of the complaint, unless by the above reference thereto.

.The counsel for McAllister moved that the warrant and proceedings be quashed, because the warrant did not state the substance of the charges as the law in such cases requires. The District Judge overruled the motion, and directed that the trial should proceed. On the return of a verdict of guilty, McAllister filed exceptions.

*W. G. Crosby,* for McAllister, said that the gentleman who conducted the defence in the District Court, filed his exceptions on the ground, that Rev. Stat. c. 171, § 2, positively required that the warrant should state " the substance of the charge ;" and that it was not so done in this instance.

*Moor,* Attorney General, for the State.

On the next day, WHITMAN C. J. and SHEPLEY J. being present, TENNEY J. holding the Court for the trial of issues of fact in the county of Washington, it was said by the Court, that as the warrant was upon the same paper with the complaint, and expressly referred to it, it was in substance a compliance with the provisions of the statute.

*The exceptions were overruled.*