## INHABITANTS OF MACHIAS *versus* INHABITANTS OF EAST MACHIAS.

Insanity, occuring *after* a *residence* has been established, will not prevent the acquisition of a *settlement*, if the residence be continued five years without the receiving of pauper-supplies.

ATTORNEYS. — *Thatcher*, and
     *J. A. & S. H. Lowell.*

## THE STATE *versus* COYLE.

Of the place at which a seal must be affixed upon a justice's warrant in a criminal prosecution.

TENNEY, J., orally. — This was a prosecution for a violation of the statute regulating the sale of intoxicating liquors. In the District Court, a motion was made in arrest of judgment on the ground that no seal was affixed to the original warrant.

The complaint and warrant were in the common form. There was a seal at the right of the Justice's name on the complaint, but not on the margin of the warrant, if they should be separated by a straight line.

No seal is required on a complaint, nor does the complaint in this case, by any of its language, show that there was any intention that a seal should be annexed.

The warrant shows that *that* was designed to be under seal.

There is no difficulty in so separating the complaint from the warrant as to leave the seal on the warrant, without mutilating either instrument, although it must be done by a line other than a straight one.

The magistrate does not say that there was a seal on the complaint: but he does say that the warrant was under seal. Can the Court say that they must necessarily be separated by a straight line? They were both on one paper, and the court consider the seal as attached to the warrant.

*Exceptions overruled.*