State *v.* Drake.

# COUNTY OF PISCATAQUIS.

## State of Maine *versus* Drake.

In a criminal prosecution, a warrant issued by a magistrate, without a seal, is void.

On Exceptions from *Nisi Prius*, Hathaway, J., presiding. Assault and Battery.

Complaint was made before a magistrate and a warrant issued and an appeal taken from the judgment of the justice.

In the copy of the warrant, were these words, " Given under my hand and seal this fourth day," &c., but there was no seal upon the warrant, nor any sign that the original had been under seal, except in the words quoted.

When the case came on for trial, the counsel for defendant moved to quash the proceedings, because by the copies produced, the warrant did not appear to have been under seal.

This motion was denied.

After trial and conviction of the defendant, a motion was made in arrest of judgment for the same cause, which the presiding Judge overruled.

The defendant excepted to the rulings.

*A. Sanborn*, for defendant.

1. At common law, a seal to a justice's warrant cannot be dispensed with. American Common Law Reports, 8, 358; *Tacket* v. *The State*, 3 Yerger's Term R. 392; *State* v. *Caswell*, Charlt. 280; *State* v. *Curtis*, 1 Hayward, 471; *Silver* v. *Ward*, N. C. Law. R. 548; Dane's Abr. vol. 6, c. 193, art. 30; Ib. vol. 7, c. 217, art. 3, § 7; Davis' Justice, p. 25.

2. The common law is paramount until it is modified, altered or repealed by statute. Our statute is merely in affirmance of the common law.

3. The necessity of a seal to a warrant has been uniformly held by the highest authorities in England. 4 Black. Com. 290; 1 Hale, 579; 2 Hale, 111; The Dean and Chapter of Windsor, 2 Saund. 305, note 13; 2 Inst. 52, 991, 992. The case of *Padfield* v. *Caball & al.*, Willes, 411, on close examination, is not found to be in conflict with these authorities.

4. In the Commonwealth of Massachusetts, they had as early as 1784, a statute regarding the criminal jurisdiction of justices of the peace, regulating warrants in the language of our own statute. And from that time to the present, the usage has been there to issue warrants under seal, and the universal professional opinion has been that a seal was necessary to their validity. This continuous exposition of the meaning of a statute similar to our own has never been deliberately impugned, invalidated or doubted by the Courts of that State or of this. Whatever may appear to the contrary in *State* v. *McNally*, 34 Maine, 222, was a mere *obiter dictum*, and of no binding authority.

*Evans*, Att'y General, for the State.

In *State* v. *McNally*, 34 Maine, 222, it has been decided that a warrant issued by a magistrate, need not be under seal unless required by statute.

The case cited from Willes is approved; which says that a "warrant *ex vi termini*, does not imply an instrument under seal, it is no more than mere authority."

The statutes giving jurisdiction to justices of the peace in cases of assault and battery, are R. S., c. 170, § 3, which simply requires the magistrate "to issue his warrant," and c. 171, § 2, which says, "the court or justice shall issue a warrant."

Neither of these require the warrant to be under the seal of the justice. By another statute, all processes from the Supreme or District Court, are to be under the seal of these Courts respectively.

The same decision has been made elsewhere. "In South Carolina there is no statute requiring a seal to be affixed to a warrant issued by a magistrate, and it is therefore unnecessary." *State* v. *Vaughan*, Harper, 313, cited in 3 U. S. Dig. 393, title, "seal," clause 24.

The decision in *State* v. *Coyle*, 33 Maine, 427, is not at variance with this doctrine. The question whether a seal was essential or not, was not presented, nor considered. The opinion was oral and merely went to the fact whether or not there was a seal.

SHEPLEY, C. J. — There can be little doubt, that the common law required, that warrants issued for the arrest or imprisonment of a person, by magistrates, should be under seal. The practice appears to have conformed to it in England and in this country. No case has been presented or noticed, in which a warrant issued without a seal, for such a purpose, has been decided to be valid. To require a seal in such cases, may not be important, only as matter of form. It gives the instrument a higher grade of character, arrests the attention in the hurry of business, allowing a pause for reflection.

The cases deciding, that a warrant may be valid without a seal, do not appear to have been those authorizing an arrest or imprisonment of a person. They might have been correctly

State *v.* Drake.

decided, as they were, without asserting the doctrine, that a warrant *ex vi termini* did not imply an instrument under seal. It may be correct, that the word in common parlance signifies no more than an authority. It will not follow, that by usage in the enactment of laws for the punishment of offences, and in judicial precepts, it has not acquired a more definite and limited signification.

The almost unbroken line of judicial precepts denominated warrants, and having seals affixed in conformity to the requirements of the common law, would authorize the conclusion that it had. While courts have admitted and legislatures have enacted, that a scroll, scrawl or scratch, might be regarded as a seal, it is not known that any one has determined, that a seal of some description was not necessary to give validity to instruments, required to be executed or issued under seal.

In the case of the *State* v. *Coyle*, 33 Maine, 427, a seal appears to have been regarded as essential on a warrant issued in a criminal prosecution.

In the case of *State* v. *McNally*, 34 Maine, 210, there was a seal, or what was designed for one, affixed in the form commonly practiced by magistrates issuing warrants and by scriveners in the execution of conveyances.

If a warrant issued without a seal in a criminal prosecution, by a magistrate, may be valid, it would seem that one might be when so issued by any court of justice; and yet all such precepts issuing from a court having a seal, must be issued under the sanction of that seal. This appears. to have been admitted by the Lord Chief Justice, in his opinion in the case of *Padfield* v. *Cabell*, Willes, 411, when the precept issued from any court of record.

Whenever it has been held, that a warrant issued in a criminal prosecution might be valid without a seal, it is apparent, that there has been a straining of the law to support the

proceedings. Such a course is unauthorized, and far from being productive of good general results.

*Exceptions sustained*
*and proceedings quashed.*

TENNEY, HOWARD and APPLETON, J. J., concurred.