## INSURANCE COMPANY *v.* HALLOCK.

1. Under the civil code of Indiana, the "order of sale" in proceedings for the foreclosure of a mortgage comes within the function and supplies the purpose of an execution. Consequently, the code requiring executions to be sealed with the seal of the court, such order of sale, if not so sealed, is void.
2. The sheriff could not sell without such order.

ERROR to the Circuit Court for the District of Indiana; the case being thus:

In Indiana the distinction between proceedings in common law and chancery is abolished, and under their code one form of action only, the "civil action," is known.* This code provides as follows:

"Sect. 407. When a judgment requires the payment of money, or the delivery of real or personal property, the same may be enforced by execution."

"Sect. 409. The execution must issue in the name of the State, and be directed to the sheriff of the county, sealed with the seal, and attested by the clerk of the court."

The proceedings to foreclose a mortgage are the same as in other actions, except that when there is no express agreement in the mortgage, nor any separate instrument, for the payment of the sum secured thereby, the remedy of the mortgagee shall be confined to the property mortgaged, and in that case the judgment of foreclosure shall order the mortgaged premises to be sold, or so much thereof as will satisfy the judgment. If there is a promise in the mortgage, or in a separate instrument, to pay the sum secured, the court shall direct in the order of sale that any balance which may remain unsatisfied after the sale of the mortgaged premises, shall be levied of any other property of the mortgage debtor.†

---

\* 2 Gavin & Hord's Statutes of Indiana, 33.

† Sections 632–634

Section 635 is thus :

" A copy of the order of sale, and judgment, shall be issued and certified by the clerk, *under the seal of the court,* to the sheriff, who shall thereupon proceed to sell the mortgaged premises, or so much thereof as may be necessary to satisfy the judgment, interest, and costs, *as upon execution ;* and if any part of the judgment, interest, and costs, remain unsatisfied, the sheriff shall forthwith proceed to levy the residue of the other property of the defendant."

With these provisions of the code in force, the Ætna Insurance Company, brought suit against Hallock and others, to try the title to land. The defendants had possession, claiming under a judicial sale in proceedings to foreclose a mortgage. It was admitted that the plaintiffs below had the legal title to the land in controversy, unless it had been divested by those proceedings.

On the trial the defendant having introduced a transcript of the record of the proceedings under which they claimed title from the Court of Common Pleas of Vanderburgh County, "the plaintiffs then offered in evidence the original order of sale issued to the sheriff on the decree of foreclosure, and upon which order of sale the sheriff sold to the defendant in the case the premises in controversy, which order of sale appeared, on inspection thereof, not to have been issued under the seal of said Court of Common Pleas of Vanderburgh County, and not to have had the seal of said court impressed thereon, or in any manner annexed thereto. . . . And the court, *because the said order of sale was not issued under the seal of the said Court of Common Pleas of Vanderburgh County,* did find for plaintiffs, to which finding of the court the defendants at the time excepted." Judgment having been given accordingly, the question now before this court was the correctness of the decision so made.

*Mr. R. M. Corwine, for the plaintiff in error :*

Did the omission to use the seal of the court make the order void, or was it avoidable merely ? The general rule

in judicial sales is, that the purchaser is not bound to look beyond the "judgment, levy, and sale." All other steps (such as the issuing of an execution after a year and a day without a revivor) are merely directory to the officer.* As between the parties to the process, or their privies, the return is usually conclusive, and not liable to be collaterally impeached. In *Sowle* v. *Champion*, in the Supreme Court of Indiana,† it was held that an order of sale, issued on a decree of foreclosure, which did not set out a copy of the decree, was informal, under the statute, but was *not void*, and if not set aside on the defendants' motion, that all acts done under it were valid. Yet the direction of the code, " that *a copy of the order of sale* and judgment *shall* be issued," is as stringent and mandatory as that other direction, that it " shall be issued and certified by the clerk *under the seal of the court,*" &c. If the one is merely directory, the other is so also.

· *Messrs. Hughes, Denvers, and Peck, contra.*

Mr. Justice MILLER delivered the opinion of the court.

If the paper here called an order of sale is to be treated as a writ of execution or *fieri facias* issued to the sheriff, or as a process of any kind issued from the court, which the law required to be issued under the seal of the court, there can be no question that it was void, and conferred no authority upon the officer to sell the land.

The authorities are uniform that all process issuing from a court, which by law authenticates such process with its seal, is void if issued without a seal. Counsel for plaintiffs in error have not cited a single case to the contrary, nor have our own researches discovered one.

We have decided in this court that a writ of error is void for want of a seal, though the clerk had returned the transcript in obedience to the writ.‡

---

* Jackson v. Bartlett, 8 Johnson, 361, 367; Jackson v. Rosevelt, 13 Id. 101, 102.

† 16 Indiana, 165.        ‡ Overton v. Check, 22 Howard, 46.

We have held that a bill of exceptions must be under the seal of the judge.*

It is true that the paper now under consideration is not an ordinary *fieri facias*, nor is it any other common-law writ. It may be well, therefore, to consider what is its relation to the writ of *fieri facias*, and especially whether it was essential to the authority of the sheriff to make the sale. That the ordinary writ of *fieri facias* is the authority of the sheriff to levy on property and sell it is undoubted, and needs no reference to authorities to support it; and if the supposed writ is void, then the levy and sale are also void, and not merely voidable, because they are made without any authority on the part of the officer.

The decisions cited by counsel are all cases where process was issued irregularly, in point of time, or where the officer has not proceeded according to some statutory requirement which was directory to him, but did not affect his power to sell.

But if his power to sell depends upon a process, and that process shows on its face that it is void, it can confer no authority, and all his proceedings under it are simply void.

The question then recurs, did the authority of the sheriff to make the sale on which plaintiffs in error rely, depend upon the order of sale issued by the Court of Common Pleas?

In courts which pursue the chancery practice in foreclosing mortgages, unaffected by statutory provisions, the sale is made by a commissioner appointed by the court. This is usually one of the standing master commissioners of the court, or, for reasons shown, some special commissioner for that purpose. In neither case does any process or order under seal of the court issue to the commissioner. He may, if he thinks proper, procure a copy of the decree and order appointing him commissioner, or if the party who wishes

---

* Pomeroy's Lessee *v.* Bank of Indiana, 1 Wallace, 592; and see Boal's Lessee *v.* King, 6 Ohio, 11; Bybee *v.* Ashby, 2 Gilman, 157; Tibbetts *v.* Shaw, 19 Maine, 204; Witherill *v.* Randall, 30 Id. 170; State *v.* Curtis, 1 Hayward, 471; Hall *v.* Jones, 9 Pickering, 446.

the decree executed thinks proper in this mode to demand of him to proceed, he may furnish him such copy.

But it is believed that the decree itself is the authority on which the commissioner acts, and if he proceeds in conformity to the decree, the sale will be valid although no copy has been placed in the hands of the commissioner.

In the courts of Indiana the distinction between common law and chancery proceedings is abolished, and under their code of civil procedure but one form of action, called a civil action, is known. This code provides, § 407, that "when a judgment requires the payment of money, or the delivery of real or personal property, the same may be enforced by execution." Section 409 says, "The execution must issue in the name of the State, and be directed to the sheriff of the county, sealed with the seal, and attested by the clerk of the court."

Section 635, which relates to the proceedings to foreclose a mortgage, we give verbatim:

"A copy of the order of sale, and judgment, shall be issued and certified by the clerk, *under the seal of the court,* to the sheriff, who shall thereupon proceed to sell the mortgaged premises, or so much thereof as may be necessary to satisfy the judgment, interest, and costs, *as upon execution;* and if any part of the judgment, interest, and costs remain unsatisfied, the sheriff shall forwith proceed to levy the residue of the other property of the defendant."

Though the order of sale here described may not come under the name of any of the recognized common law writs of execution, as *capias, fieri facias,* or others, yet it comes clearly within the function and supplies the purpose of an execution—that is, a process issuing from a court to enforce its judgment.

The statute recognizes it as such, and requires that it shall issue under the seal of the court. The sheriff to whom it is directed is required to proceed " as upon execution." If the debt is not satisfied by the sale of the property specifically mentioned in the order, it then operates as a *fieri facias,* under which the sheriff is directed to levy the residue of any

other property of the defendant. It is therefore to all intents and purposes an execution, and the statute expressly requires that it must issue under the seal of the court. Without the seal it is void. We cannot distinguish it from any other writ or process in this particular.

It is equally clear that under the Indiana statute the sheriff could not sell without this order, certified under the seal of the court, and placed in his hands. This is his authority, and if it is for any reason void, his acts purporting to be done under it are also void.

JUDGMENT AFFIRMED.