CHOATE, APPELLANT, *v.* SPENCER ET AL., RESPONDENTS.

[Argued January 25, 1893. Decided March 20, 1893.]

SUMMONS—*Absence of seal.*—A district court summons is void if issued without the seal of the court, where the statute provides that it "must be issued under the seal of the court," and no jurisdiction of the defendant is acquired by the service thereof.

JUDGMENTS—*Validity.*—A judgment entered upon a default, after service of a summons issued without the seal of the court, is void, as well as the execution and all other proceedings thereunder.

DECISIONS OF UNITED STATES SUPREME COURT—*When controlling.*—A decision of the supreme court of the United States upon a statute which is the same in effect as a Montana statute is controlling upon the supreme court of this state in passing upon the latter statute, where such decision was rendered, and the acts complained of occurred, while the state was one of the territories of the United States.

JUDGMENTS—*Section* 119 *of the Code of Civil Procedure construed.*—The provision of section 119 of the Code of Civil Procedure, that the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties; and no judgment shall be reversed or affected by reason of such error or defect, does not apply to an action where jurisdiction has not been properly acquired.

*Appeal from Sixth Judicial District, Meagher County.*

Action to annul sheriff's deed. Defendants' demurrer to the complaint was sustained by HENRY, J. Reversed.

*Thompson & Maddox,* for Appellant.

The judgment rendered against appellant in the case of *Sullivan* v. *Choate,* was a nullity, because the seal of the district court was not affixed to the summons. Sections 527, 528, and 68 of the Code of Civil Procedure provide in substance respectively that the district court shall have a seal, that the clerk shall keep the seal and that the summons must be issued under

the seal of the court.    By the ancient common law, all process emanating from courts of record was authenticated by the seal of the court.    That one thing gave character to the document. Without it the writ was void.    This doctrine was always rigidly maintained under the common law, both of England and in the several states of the union, except that in many of the states the practice, as well as the character and functions of seals, has been modified and changed.    In English common law there is: *Anonymous*, 1 P. Wms. 523; *Martin* v. *Kerridge*, 3 P. Wms. 240.    In 1868 this subject was carefully considered in the supreme court of the United States in the case of *Ætna Ins. Co.* v. *Hallock*, 6 Wall. 556, and it was there held that process without the seal of the court conferred no jurisdiction or authority as against defendants.    Appellant respectfully submits that this decision of the United States Supreme Court is controlling upon this court in the determination of this question, and relies upon the authority and reasoning of *Sullivan* v. *City of Helena*, 10 Mont. 143, 144.    The court rendering the judgment in *Sullivan* v. *Choate*, being a territorial court, acting under power conferred by Congress, the validity of the judg-judgment in that case, as presented by the complaint herein, is a federal question, over which the supreme court of the United States would have jurisdiction. (*Steines* v. *Franklin Co.* 14 Wall. 15; *York* v. *Texas*, 137 U. S. 15; *Pennoyer* v. *Neff*, 95 U. S. 714; *Delmas* v. *Merchants' Bank*, 14 Wall. 661.)    The following cases sustain appellant's position that the summons in *Sullivan* v. *Choate* was void in that it was issued without the seal of the district court.    (*Hall* v. *Jones*, 9 Pick. 446; *Ex parte Smith*, 15 Pick. 446; *Witherel* v. *Randall*, 30 Me. 168; *Bybee* v. *Ashby*, 2 Gilm. 151; 43 Am. Dec. 47; *Tibbetts* v. *Shaw*, 19 Me. 204; *Boal* v. *King*, 6 Ohio, 11; *State* v. *Flemming*, 66 Me. 142; 22 Am. Rep. 552; *Bailey* v. *Smith*, 12 Me. 196; *Porter* v. *Haskell*, 11 Me. 177; *Commonwwealth* v. *Stockbridge*, 11 Mass. 279; *Woolford* v. *Dugan*, 2 Ark. 131; 35 Am. Dec. 52.) The absence of the seal was not an amendable defect.   (*Bailey* v. *Smith*, 12 Me. 196; *Tibbetts* v. *Shaw*, 19 Me. 204; *Witherel* v. *Randall*, 30 Me. 168.)    Observing the seal on the summons — *the highest evidence of the court from which it emanated* — and that it was the seal of the probate court, appellant had the

right to disregard it altogether; and the subsequent rendering of judgment against him was simply void and of no effect, as also were all subsequent proceedings.

*F. N. & S. H. McIntire,* for Respondents.

1. The principal point made in this case is that the summons issued out of the district court in and for Choteau county did not bear upon it the impress of the seal of said court, as required by the Compiled Statutes. (Div. 1, § 68.) The plaintiff contended that the omission of the seal of the court rendered the summons and all subsequent proceedings void, and no jurisdiction of the person of George R. Choate, the defendant in the case of *Sullivan* v. *Choate,* was ever acquired by said district court of Choteau county. In support of his position in this court, the appellant's counsel cite a number of early cases from Maine, Massachusetts, Ohio, and Illinois, and one from the supreme court of the United States. The later decisions and the weight of recent authorities hold that the omission of the seal from, or the putting of the wrong seal upon, process is a defect of form merely, and not of substance, does not render the process void, and the process is amendable at any stage of the proceedings, even after judgment and sale upon execution. (*Jump* v. *Batton's Creditors,* 35 Mo. 193; 86 Am. Dec. 146; *Parsons* v. *Swett,* 32 N. H. 87; 64 Am. Dec. 352; *Murdough* v. *McPherrin,* 49 Iowa, 479; *Talcott* v. *Rosenberg,* 8 Abb. Pr. N. S. 287; *Dever* v. *Akin,* 40 Ga. 429; *Corwith* v. *State Bank,* 18 Wis. 560; 86 Am. Dec. 793; *Sabin* v. *Austin,* 19 Wis. 421; *People* v. *Dunning,* 1 Wend. 16; *Dominick* v. *Eaker,* 3 Barb. 17; *Arnold* v. *Nye,* 23 Mich. 286; *Bridewell* v. *Mooney,* 25 Ark. 524; *Hunter* v. *Burnsville Turnpike Co.* 56 Ind. 213; *Purcell* v. *McFarland,* 1 Ired. 34; 35 Am. Dec. 734; *Rose* v. *Ingram,* 98 Ind. 276; *Boyd* v. *Fitch,* 71 Ind. 306; *State* v. *Davis,* 73 Ind. 359; *Taylor* v. *Courtnay,* 15 Neb. 190; *Warmoth* v. *Dryden,* 125 Ind. 355; *Logan* v. *Hillegass,* 16 Cal. 202; Freeman on Executions, § 46.)

2. Decisions holding the contrary will be found, upon careful scrutiny, to have been based upon the strict rules of the common law, as was *Ætna Ins. Co.* v. *Hallock,* 6 Wall. 556, cited by appellant's counsel; but in all the code states that

have provisions like ours (Comp. Stats. Div. 1, §§ 116, 119) the decisions are uniform to the effect that defects or irregularities of form only in process not affecting the substantial rights of the parties, such as the omission of the seal, shall be disregarded, and such process held valid. The case of *Ætna. Ins. Co.* v. *Hallock*, 6 Wall. 556, is not an authority worthy of being followed by this court. That case was appealed from the supreme court of Indiana, before the adoption by that state of the Code of Civil Procedure, and was decided by the supreme court of the United States upon common-law principles. In the subsequent case of *Hunter* v. *Burnsville Turnpike Co.*, 56 Ind. 213, and the other Indiana cases above cited on the same point, the supreme court of that state refused to follow the decision in *Ætna Ins. Co.* v. *Hallock*, and adopted the generally accepted rules laid down in the codes. .

3. The summons being perfect in other respects, put the defendant upon notice — the only province of a summons — and he being within the jurisdiction, it was sufficient for that purpose. Choate's objections to the form of the summons should have been taken advantage of by motion to quash. After judgment and an opportunity to appear and question the jurisdiction of the court had upon such process, objections to form, merely, come too late. (*Brewer* v. *Sibley*, 13 Met. 175; *Foot* v. *Knowles*, 4 Met. 386.)

4. The court has control of its process, and may order the summons to be amended at any time. (*Polack* v. *Hunt*, 2 Cal. 194; *Pierse* v. *Miles*, 5 Mont. 549.) And the allegation of the amended complaint that the seal was fraudulently altered on the summons is insufficient, in not stating by whom it was altered; for the clerk of the court being the lawful custodian of its seal and records, the law will presume that he placed the seal upon the summons in the course of his official duties.

PEMBERTON, C. J. — This is a suit to quiet title to certain mining property, situated in Meagher county, and described in the complaint. The appellant, who was plaintiff below, alleges in his complaint that on the sixteenth day of July, 1888, he was, and is now, seised and possessed of an estate of inheritance in and to the mining claim described therein; that the respond-

ents, who were defendants below, are tenants in common with him in and to said property, but dispute appellant's title to the same; that on the seventeenth day of July, 1888, the appellant was indebted to one Jere Sullivan in the sum of $208.32; that on said last-mentioned day the said Sullivan commenced suit against him to recover judgment for such indebtedness in the district court of the then fourth judicial district of the territory of Montana, in and for Choteau county, and that on said last-mentioned day the said Sullivan procured to be issued, under the hand of the clerk of said court, a certain paper, purporting to require this appellant to appear and answer said complaint; that said paper or pretended summons did not contain or bear in any place or part thereof the seal of said district court, but, on the contrary, bore the impression of the seal of the probate court of said Choteau county; that on the twenty-first day of July, 1888, there was served upon the appellant a copy of said pretended summons in Meagher county, in the territory of Montana, without the seal of said district court; that no summons issued out of said district court, and authenticated by the seal of said court, was ever served on the appellant; that appellant never appeared in said court at any time to answer said complaint; that said pretended summons, so served upon the appellant, was returned and filed with the clerk of said court on the twenty-fifth day of July, 1888; that thereafter, on the fifth day of November, 1888, the default of the appellant was entered in said court, and final judgment entered in said court against the appellant in said cause; that said pretended summons was the only means by which said court ever attempted to acquire jurisdiction of said appellant; and, as such, was the only basis for the judgment entered in said court against appellant in said cause; that on the fourth day of June, 1889, an execution issued out of the district court upon said pretended judgment, directed to the sheriff of Meagher county, who levied the same on the property of the appellant (described in the complaint herein) and on the fifth day of July, 1889, said sheriff sold said property to satisfy said pretended execution; that Timothy E. Collins et al. purchased said property at said pretended sale; that thereafter said Collins and others transferred their certificate of purchase of said property to the respondents, and that

on the thirteenth day of January, 1890, the said sheriff executed and delivered a sheriff's deed to said property to the respondents, which deed was duly recorded in the office of the recorder of said county of Meagher; that said property was sold for the sum of $722.86, but was of a much greater value, to wit, of the value of $30,000; that said respondents, at the time of receiving the certificate of purchase and the deed to said property, were well acquainted with the defects and infirmities of the said pretended summons and judgment issued and rendered in said district court upon and against the appellant, and purchased the same with full knowledge of all the defects in relation thereto; that said respondents claim title in fee to the mining ground mentioned in the complaint, under and by virtue of said certicate of purchase and sheriff's deed thereto; and that said deed is a cloud upon the title of appellant, to the injury and damage of appellant in the free use and employment thereof. Appellant asks that said deed be declared void, and that it be canceled.   To this complaint the respondents filed a general demurrer, which was sustained by the court, and judgment was rendered for the respondents for costs.   From this judgment the appellant prosecutes this appeal.

The appellant insists that the summons issued out of the district court of the fourth judicial district of the territory of Montana, in and for Choteau county on the seventeenth day of June, 1888, in the suit of Jere Sullivan against this appellant, was absolutely void, because it was not authenticated by the seal of said court.   If this contention is correct, the district court never acquired jurisdiction of this appellant, who was defendant in that suit, by the issuance and service of such summons; and any judgment said court may have entered in said cause, as well as the execution issued for the enforcement of such judgment, and all other proceedings thereunder, including the levy thereof on the property of appellant, and the sale and execution and delivery of the sheriff's deed complained of, would necessarily be null and void.   The complaint states that the said summons bore the impress of the seal of the probate court of Choteau county, instead of the seal of the district court, at the time of its issuance and service.   For the purposes

of this cause we shall treat the summons as having been issued without a seal.

At common law, a writ issuing from a court having a seal, in order to be considered authentic or of any value, must be attested by the seal of the court from which it is issued. The laws of this state provide that the district courts shall have a seal (Code Civ. Proc., § 527), and that the clerk of the court shall keep the seal (Code Civ. Proc., § 528). And section 68 of the Code of Civil Procedure requires that the summons must be issued under the seal of the court. So that, under our statutes, there is no departure from the common-law rule requiring such writs to be authenticated by the seal of the court from which they issue. The appellant has cited a number of authorities holding the common-law doctrine that such writs must be authenticated by the seal of the court from which they are issued in order to give them validity, and without which they would be void. The principal case relied upon by appellant in support of his contention that the summons under discussion was void for want of the seal of the court is *Insurance Co.* v. *Hallock*, 6 Wall. 556. This case went to the supreme court of the United States, from Indiana, and involved the validity of a deed executed and delivered by a sheriff to real estate, under an order of sale, under a statute of that state. The statute required the order of sale to be issued under the seal of the court. The seal was omitted from the order of sale. In delivering the opinion of the court, Mr. Justice Miller says: "If the paper here called an 'order of sale' is to be treated as a writ of execution or *fieri facias* issued to the sheriff or as a process of any kind issued from the court, which the law required to be issued under the seal of the court, there can be no question that it was void, and conferred no authority upon the officer to sell the land. The authorities are uniform that all process issuing from a court which by law authenticates such process with its seal is void if issued without a seal. Counsel for plaintiffs in error have not cited a single case to the contrary, nor have our own researches discovered one. We have decided in this court that a writ of error is void for want of a seal, though the clerk had returned the transcript in obedience to the writ. We have held that a bill of exceptions must be under the seal

of the judge." This was a collateral attack made upon the deed executed by the sheriff, under the order of sale from which the seal had been omitted. Counsel for the respondents contend that the case just cited is not controlling, and claim that the Indiana courts have declined to follow the rule therein asserted, and cite a number of Indiana cases in support of their position. From an examination of the Indiana cases cited by respondents, we are of opinion that the departure from the rule asserted in *Insurance Co.* v. *Hallock,* 6 Wall. 556, has been occasioned by the legislation in Indiana since the decision in 6 Wall. 556. In support of this view, we quote from *State* v. *Davis,* 73 Ind. 360, this case being cited by respondents. In this case the court say: "It is undoubtedly true, as appellees insist, that at common law a writ issuing from a court must, in order to be entitled to be considered as regular and authentic, be attested by the seal of the court from which it issued. (*Williams* v. *Vanmeter,* 19 Ill. 293; *State* v. *Flemming,* 66 Me. 142; 22 Am. Rep. 552; *Wheaton* v. *Thompson,* 20 Minn. 196; *Reeder* v. *Murray,* 3 Ark. 450.) The case of *Insurance Co.* v. *Hallock,* 6 Wall. 556, does decide that an order of sale issued by a court of this state was void because not attested by the seal of the court. It has also been held by this court that, where there is no statute to the contrary, a writ or record must be attested by the seal of the court from which it comes. (*Jones* v. *Frost,* 42 Ind. 543; *Hinton* v. *Brown,* 1 Blackf. 429; *Sanford* v. *Sinton,* 34 Ind. 539.) The older cases did hold that a writ lacking the seal of the court was absolutely void, but there is much conflict upon this point among the modern cases, many of them holding that such a writ is not void, but merely voidable. Our court long since held that such a writ was not void. It is true, as argued by appellees, that a summons so clearly defective as to be insufficient to confer jurisdiction cannot, after judgment, be so amended as to give jurisdiction. If a summons without a seal be conceded to be void, then there can be no amendment, for it is axiomatic that a void thing cannot be amended. The liberal provisions of our statute respecting the summons would take such writs from under the old common-law rule, even if it were conceded that it is the rule which must be adopted respecting other writs. The provisions of the code upon this subject are

contained in article IV., and the provision which directly bears upon this point is found in section 37, and is as follows: 'No summons or the service shall be set aside or be adjudged insufficient where there is sufficient substance about either to inform the party on whom it may be served that there is an action instituted against him in court.'" It must appear as conclusive that the court in this case would have held the summons void but for the statute of Indiana, quoted in their opinion. This case seems to us to be strong authority for holding that, but for the statute of Indiana in relation to the essentials of a summons, that court would have held to the doctrine contained in 6 Wall. 556, to wit, that such writs, without the seal of the court from which they issued, are void.

Counsel for the respondents have cited many authorities to the effect that defective process cannot be attacked in a collateral proceeding, and to the effect that defective process is amendable in many states. But this is not a collateral proceeding. It is a direct proceeding to have a deed canceled, which is not void on its face, but which is alleged to be void because of its being the result of a judgment void for want of jurisdiction of the court rendering it, and which deed is a cloud upon the title of the party seeking relief. (See 3 Pomeroy's Equity Jurisprudence, § 1395 et seq.)

The appellant further contends that, at the time of the issuance and service of the summons under discussion, Montana was one of the Territories of the United States, and for this reason the opinion of the supreme court of the United States in 6 Wall. 556, is decisive of the question as to the validity of said summons, and controlling upon this court in the determination of this question; and relies upon the authority and reasoning in *Sullivan* v. *City of Helena*, 10 Mont. 134. We are of opinion that this position is unassailable, our statute being, in effect, the same as that of Indiana ·at the time of the rendition of the opinion in 6 Wall. 556. This reasoning and holding do not in our opinion, contravene section 119 of our Code of Civil Procedure, which provides that "the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties; and no judgment shall be reversed or affected by rea-

son of such error or defect." This section presupposes an action pending, of which the court has acquired proper jurisdiction, and we are not passing upon the powers of the court under such circumstances. We hold in the case at bar that the summons—the jurisdictional writ—under the law and decisions in force and controlling in this jurisdiction at the time of its issuance was void, because not issued under the seal of the court. If this case involved a defective process, issued subsequent to summons, and the acquiring of jurisdiction by the court thereunder, then the contention of respondents that such defect or irregularity could be amended or disregarded might be urged with great force. Judgment reversed, and cause remanded, with directions to overrule the demurrer.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.