FRED M. MILLER, PETITIONER

*vs.*

HIRAM D. WISEMAN ET ALS.

Cumberland.   Opinion October 1, 1925.

*Whenever it is shown that the inferior court or tribunal has no jurisdiction of the subject matter, and the question is not open on appeal, the court will not refuse a writ of certiorari.*

*Want of jurisdiction apparent on the face of the record can be raised by motion to dismiss at any stage of the proceedings, and cannot be waived.*

*A process issuing from a court, the authentication of which rests upon the court seal, is void in absence of a seal.*

On exceptions.   A petition for a writ of certiorari to require two justices of the peace in a poor debtor's disclosure proceeding, to certify and bring up their records of the proceedings for the purpose of having them quashed for want of jurisdiction on the ground of the absence of a court seal on the process.   The application for the writ was denied and exceptions taken.   Exceptions sustained.

The case very fully appears in the opinion.

*Frank H. Haskell*, for the petitioner.

*Maurice E. Rosen*, for the respondent.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, STURGIS, BARNES, JJ.

DUNN, J.   Exceptions to the denial of an application for certiorari to justices of the peace.

An impecunious person held in arrest on execution was discharged on giving bond.   R. S., Chap. 115, Sec. 49.   He endeavored to save his bondsmen harmless, and to absolve himself from future loss of liberty on any enforcing process of the same judgment, by proceedings under the Poor Debtor's Act (section 51, et seq.).

The citation from the magistrate to the creditor failed to follow the statute in the positive requirement of a seal.   Section 51.

At the appointed time and place the parties met. One justice of the peace was chosen by the debtor, and the one by the counsel for the creditor, and the two thus selected sat together in the disclosure court.

Once the court was functioning, the creditor's counsel raised the point of the absence of the seal from the citation, and moved to quash. The motion was overruled. Counsel retired. The hearing went on destitute of interest, and eventually the statute-prescribed oath was administered to the judgment debtor.

On petition for certiorari it was ruled: (1) The omission of the seal is not a matter of substance; (2) that participation in the forming of the court effected cure of clerical irregularity in the process; (3) that, in and as a matter of judicial discretion, certiorari will not issue to correct what an amendment would have reached.

In hearings to liberate debtors, mere want of form and circumstantial errors count as nothing when the situation may be rightly understood, and are amendable on motion. Section 53.

The art of writing was not always an accomplishment common to citizenry. Before literacy was general, and the written signature considered a truer voucher of genuineness, the main proof of the authenticity of documents, whether private or public, was an impression made on clay, lead, wax, paper, or other substance by means of a die of metal, of stone, or other hard material. The employment of seals may be traced to high antiquity. The Bible contains frequent allusions to them. The use of clay in sealing is noticed in the book of Job (xxxviii, 14), and the signet ring in Genesis (xxxviii, 18). Engraved signets were long ago in use among the Hebrews (Ex. xxviii, 11, 36; xxxix, 6). As recent as the time of Shakespeare, Shylock speaks to Antonio:

"Go with me to a notary, and seal me there
  Your single bond;  .  .  .  ."
                                    —*Merchant of Venice, Act 1, Sc. iii.*

And Antonio replies:
"I'll seal to such a bond."

                                                              —*Id.*

In another play the dramatic poet makes Hamlet say:
"Where every god did seem to set his seal
  To give the world assurance of a man."

                                    —*Act 3, Sc. iii.*

Documents are still sealed in compliance with legal formality. But personal seals with effigies, heraldry, or other devices, with or without a name, or with name only, or with legend only, distinguishing the person, or supposed to so distinguish him, and which it would have been difficult to duplicate exactly, are not in use. The seal has lost the power of acting as a substitute for signatures. It is now affixed to legal instruments principally to furnish evidence of their authenticity. Sealing has become constructive rather than actual. *Woodman* v. *York Railroad Company,* 50 Maine, 549.

Under the statutes of Maine, a justice of the peace has no seal of office, but a wafer attached could be called a seal. *State* v. *McNally,* 34 Maine, 210. The demand of the statute, in the very language and order of the olden law, that the citation be "under his hand and seal" (2 Hale P. C.), may be without much present day meaning so far as sealing is concerned. But constitutional legislation calls therefor, and veneration for the law is the politic religion of the State. The requirement that process be sealed would be nugatory, if to regard it or disregard it amounted to the same thing. The compulsion of authority is yet essential to the public good.

If the seal has outlived its usefulness, if its competency to authenticate has ceased, if the effect of its absence should be classed as a formal irregularity which is waived by general appearance, or the absence be amendable at the discretion of the court, if sealing be a custom not adapted to our day, let the Legislature be told. The image of the seal, technical though perhaps it be, is so interwoven with our rules, and understood and advised by the profession as basic, that it is not to be abridged this side of the law-making power. "So long as a seal is required to be affixed, though we may not be able to discover its real use, yet we must not dispense with what the law requires." MELLEN, C. J. in *Porter* v. *Haskell,* 11 Maine, 177. Chief Justice Shepley thought insistence upon the use of the seal to have purpose. "It gives the instrument a higher grade of character, arrests the attention in the hurry of business, allowing a pause for reflection." *State* v. *Drake,* 36 Maine 366. These jurists spoke before the enactment, in 1878, Chapter 59, of the correcting power. But the omission of the seal does not fall in this class. Collateral attack will not avoid its absence from a debtor citation. *Lewis* v. *Brewer,* 51 Maine, 108; *Gray* v. *Douglass,* 81 Maine, 427. In *Lewis* v. *Brewer,* Judge Walton remarked in passing: "If a party desires

to take advantage of such a defect, he should call the attention of the justices to it, in which case they would undoubtedly hold the citation to be insufficient. If not, the aggrieved party could apply for a writ of certiorari to quash their proceedings." Language parallel in effect is in *Gray* v. *Douglass,* supra.

That process shall not abate for want of form, or for incidental errors or mistakes, not bar to understanding rightly the person and the case, is statutory to all courts of justice. Laws 1821, Chap. 59, Sec. 16; R. S. Chap. 87, Sec. 11. The law finds application on both civil and criminal sides. An execution issued by a magistrate without being under seal is void *Porter* v. *Haskell,* supra. In a previous case, where the clerk omitted to affix the seal, he was allowed to do so. *Sawyer* v. *Baker,* 3 Maine, 29. This decision is referred to as made on ex parte motion (*Porter* v. *Haskell,* supra), from which it was inferred as not esteemed a reliable authority (*State* v. *Fleming,* 66 Maine, 142). A venire without seal is illegal. *State* v. *Lightbody,* 38 Maine, 200. An indictment where the venire must be under seal is bad, and amendment cannot supply the lack. *State* v. *Fleming,* supra. An original writ without seal is not amendable. *Witherell* v. *Randall,* 30 Maine, 168. A warrant without seal is void. *State* v. *Drake,* supra. If the writ have a wrong seal, the right one may not be impressed instead. *Bailey* v. *Smith,* 12 Maine, 196. Undeniably, if the writ were unsigned, this correction could be made (*Matthews* v. *Bowman,* 25 Maine at page 163), did the statute not interdict (*Pinkham* v. *Jennings,* 123 Maine, 343). The date of a writ (*Gardiner* v. *Gardiner,* 71 Maine, 266), the teste (*Converse* v. *Damariscotta Bank,* 15 Maine, 431), the return day (*Guptill* v. *Horne,* 63 Maine, 405), and the name of the defendant, rights of third persons not intervening (*Wentworth* v. *Sawyer,* 76 Maine, 434), all are correctable. The reason these errors may be made right, and absence of the seal is forbidden to be, is that theoretic custody of the seal is with the official sealer of the writs, who affixes it to documents in other respects already completed. "No signable writs are to be sealed, till they have been duly signed by the proper officer. R. T. 1656." 1 Tidd's Practice, 33. "As for the commission from the king, it staid at the seal for want of paying the fees." Winthrop, History of New England, 1, 276.

A process, issuing from a court which by law authenticates such process with its seal, is void if issued without a seal. *Aetna Ins. Co.* v. *Hallock,* 6 Wall., 556, 18 Law ed., 948. In this case no power of a

curative statute is involved. But nevertheless it sheds light upon the importance attached to the seal. A summons issued without seal can give no jurisdiction where the statute provides it must be issued under seal, although the statute also provide that the court should disregard any error or defect which does not affect the substantial rights of the parties. *Choate* v. *Spencer*, (Mont.) 20 L. R. A., 424. And, to come back home, want of jurisdiction apparent on the face of the record can be raised by motion to dismiss at any stage of the proceedings. *Tibbetts* v. *Shaw*, 19 Maine, 204; *Pinkham* v. *Jennings*, supra.

Clearly a distinction is to be drawn between appearing generally in proceedings before a tribunal theretofore set up, and as in the nature of the situation one must, appearing to choose one of the magistrates, that a motion to dismiss might be made to him and his associate. Simple mention of the fact of the distinction would seem to dispose of the proposition.

Whenever it is shown that the inferior court or tribunal has no jurisdiction of the subject-matter, and the question is not open on appeal, the court will not refuse the writ. *Bangor* v. *County Commissioners*, 30 Maine, 270; *Levant* v. *County Commissioners*, 67 Maine, 429; *Phillips* v. *County Commissioners*, 83 Maine, 541.

It remains to seal the destruction of the pretended proceedings before the justices of the peace by directing that the mandate be,

*Exceptions sustained.*