STATE OF MAINE
*vs.*
BURTON E. HAINES, APLT.

Oxford.   Opinion, January 7, 1958.

*David R. Hastings,* for plaintiff.

*Louis Scolnik,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

WILLIAMSON, C. J.   On exceptions from the overruling of demurrer. On appeal in the Superior Court the respondent demurred to a complaint and warrant issued from a municipal court on the sole ground that the warrant was invalid for lack of a seal.

In the bill of exceptions we read:

"The Complaint and Warrant appear on one and the same paper with the Complaint appearing first in order from top to bottom and occupying two thirds of the sheet and the Warrant occupying the bottom one third of the space on the sheet. The Municipal Court Seal appears at the top of the

> sheet and more specifically, at the top or beginning of the formal commencement of the Complaint. This is the only place on the paper where the seal appears, some six inches distant from the formal commencement of the Warrant which occupies the bottom third of the paper."

A photostatic copy included in the record and examined by the court, without objection by either the State or the respondent, shows the complaint and warrant form one page of a printed form with the addition of typewritten words, written signatures and the municipal court seal.

Unless a warrant bears a seal it is invalid. The statute provides for a seal. R. S., Chap. 146, Sec. 13 reads, in part:

> "Warrants issued by such magistrates in criminal cases shall be under seal and be signed by them at the time they are issued."

It has been established law for over a century in our State that a seal is an essential requirement upon a warrant of arrest. Chief Justice Shepley in *State* v. *Drake,* 36 Me. 366, 58 Am. Dec. 757, said at p. 368:

> "There can be little doubt, that the common law required, that warrants issued for the arrest or imprisonment of a person, by magistrates, should be under seal. The practice appears to have conformed to it in England and in this country. No case has been presented or noticed, in which a warrant issued without a seal, for such a purpose, has been decided to be valid. To require a seal in such cases, may not be important, only as a matter of form. It gives the instrument a higher grade of character, arrests the attention in the hurry of business, allowing a pause for reflection."

The *Drake* case has been cited with approval in *Miller* v. *Wiseman,* 125 Me. 4, 130 A. 504; *Cushman Co. et al.* v. *Mackesy et al.,* 135 Me. 490, 200 A. 505; *Town of Warren* v. *Norwood,* 138 Me. 180, 24 A. (2nd) 229. See also Annot., 30 A. L. R. 730.

The issue before us is then not whether the warrant should be sealed, but whether in fact it is sealed. The respondent says that the seal goes only with the complaint, and the State, that it goes with the warrant.

In our view the seal of the municipal court affixed to this printed form may fairly be considered to be a seal affixed to the warrant. If held to be a seal on the complaint only, it serves no useful purpose for a complaint requires no seal. Surely the municipal court judge sealed the paper not for a useless purpose, but to give life and vitality to the process, i.e., the warrant of arrest issued over his signature.

We note from the photostatic copy that the warrant incorporates the complaint in these words, ". . . in the foregoing complaint of John Marshall which is expressly referred to as a part of this warrant . . ." In this manner the State meets the requirement of the statute that the magistrate "shall . . . issue a warrant for his arrest, stating therein the substance of the charge." R. S., Chap. 146, Sec. 13.

> "The complaint is always annexed to the warrant and expressly referred to as a part of it, and this is held to be sufficient to comply with the requirements of our statutes. State v. McAllister, 25 Me. 490."

> Whitehouse and Hill Criminal Procedure (1912 ed.) Sec. 1, note 1.

It may be argued that the seal, if it is on the complaint alone, traveled with the complaint into the warrant. We do not place our decision, however, upon such a narrow ground. We prefer to approach the problem, having in mind the statutory requirement of a seal, the underlying reasons therefor, and also reasonable methods of conducting the business of the courts on the criminal side. There is no reason whatsoever, as we have suggested, to believe that the municipal court judge intended to seal the complaint and not the warrant. Is there any reason whatsoever to believe that

the warrant forming with the complaint one paper on a printed form carried less weight because the seal was affixed at the top of the form? We think not.

In reaching our decision we have in mind *State* v. *Coyle,* 33 Me. 427. Justice Tenney, speaking for the court in an oral opinion, in holding the warrant was valid, pointed out that the language of the warrant showed it was designed to be sealed and that the one paper containing both the complaint and the warrant could be divided into two parts, the one a complaint and the other a warrant under seal, without mutilating either instrument.

In the instant case there is no language in the warrant indicating such a design and the paper cannot fairly be torn apart to form a complaint without a seal and a warrant under seal.

The *Coyle* case, however, in our view did not establish the boundary line between warrants sealed and unsealed. The court determined no more than that the particular warrant fell within the class of warrants under seal. We are therefore not bound to consider *Coyle* as opposed to our present opinion. Indeed, if we were so bound, we would feel constrained not to follow a rule so narrow and rigid. In short, *Coyle* is limited to the facts there present.

We conclude that the statute has been complied with in substance and that the warrant before us is under seal and hence valid.

The entry will be

*Exceptions overruled.*