**METROPLEX FACTORS, INC.,**
**Appellant,**

v.

**FIRST NATIONAL BANK, BRIDGE-PORT, Texas et al., Appellees.**

No. 18341.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 31, 1980.

Rehearing Denied Jan. 29, 1981.

Winstead, McGuire, Sechrest & Trimble, and Donald F. Hawbaker, Dallas, for appellant.

Durant F. Clements, Bridgeport, for appellee First Nat. Bank, Bridgeport, Texas.

Woodruff, Fostel, Wren & Simpson and Michael A. Simpson, Bridgeport, for appellee Jim Brown.

Bailey, Williams, Westfall, Lee & Fowler, and James A. Williams, Dallas, for appellee U. S. Fire Ins. Co.

## OPINION

SPURLOCK, Justice.

This is a case in which the trial court granted a writ of garnishment to an assignee of an unsecured creditor. The debtor filed a replevy bond and then a motion to dissolve the writ of garnishment. The trial court granted the motion to dissolve and subsequently ordered the surety on the replevy bond released. Without filing a supersedeas bond, the creditor's assignee (garnishor) has appealed.

We affirm the judgment of the trial court.

Metroplex Factors, Inc. (Metroplex) bought a judgment which Bill Hartsell, d/b/a Hartsell Farm Supply, had obtained against Jim Brown for $25,395.98 plus at-torneys' fees of $7,600.00 and the interest thereon. This judgment was rendered by the 235th District Court, Wise County, on January 26, 1979. Hartsell's sale of the judgment to Metroplex was properly recorded in the public records. While the judgment was still unsatisfied, Metroplex applied for a writ of garnishment. The court granted the writ, although the clerk issued it without the required seal. The garnishee bank in its original answer identified four accounts belonging to Brown, and noted that it was unsure as to what interest, if any, Brown had in a fifth account belonging to Brown and Brown Cattle Company.

Before any determination was made on the fifth account, Brown filed a replevy bond with United States Fire Insurance Company (hereafter surety) as surety in the amount of $36,000.00. The court approved this bond, and the order granting approval of the replevy bond entitled Brown to remove all garnished funds and specifically included the Cattle Company account. Three days after the replevy bond was approved, Brown filed his motion to quash and/or dissolve the writ of garnishment, alleging that it was defective due to:

1) failure to state in the application that it was not to "injure either the defendant (Brown) or the garnishee (Bank) as required by art. 4076 *;

2) failure to attach affidavits to the application as required by Rule 658 **;

3) failure to state in the application the specific facts supporting grounds for issuing the writ as required by Rule 658; and

4) lack of impression of the court's seal on the writ as required by Rules 15 and 602.

The trial court granted the motion to dissolve the writ of garnishment and listed six respects in which the writ was defective. These were:

1) That the application was not supported by affidavits;

---

* All references to articles are to Tex.Rev.Civ. Stat.Ann.

** All references to Rules by number are to Tex. R.Civ.P.

2) That the application did not state the specified facts relied upon by garnishor (Metroplex) as supporting grounds for issuing the writ;

3) That the application was not based on and does not reflect the personal knowledge of the person signing it;

4) That the application does not comply with all statutory requirements;

5) That the writ recites that the application was supported by affidavits when in fact it was not; and

6) That the writ of garnishment was not attested to by the clerk with the seal of the court thereon.

Metroplex has raised three points of error, the first being that the writ of garnishment was not defective. The alleged deficiencies in the writ are grouped in this opinion into three categories: 1) affidavit problems [those dealing with the requirements for personal knowledge affidavits or with omission of facts for information and belief affidavits], 2) application defects [those dealing with statements such as those allegedly required by art. 4076(2) that garnishment is not being brought to injure the defendant or the garnishee] and 3) seal deficiency [failure of the clerk to impress the seal of the court on the writ.] In brief, we hold that this affidavit was insufficient; that art. 4076(2) does not apply to post-judgment writs; and that the clerk's failure to impress the court's seal on the writ was a clerical error which the trial court ordinarily has an obligation to correct but which, under the facts of this case, does not require reversal.

■ Metroplex alleges that the trial court erred in failing to hold that this sworn pleading was sufficient as the affidavit required by Rule 658. The application was sworn to before a notary public and contained the statement that the signer (president of Metroplex) "is cognizant of the matters recited herein" and also that the garnishor "has reason to believe, and does believe" that the First National Bank in Bridgeport was indebted to Brown or had possession of effects belonging to Brown. The trial court held that these statements

fell short of the affidavit based on personal knowledge as required by Rule 658 and art. 4076.

"Cognizant" is defined in Webster's Seventh New Collegiate Dictionary (1971) as "having cognizance *syn* see aware." "Cognizance" is defined as (2 a) surveillance, control (b) apprehension, perception (c) range of apprehension (d) notice, observance." None of these meanings (or the other unrelated meanings given) would be adequate to establish that the affidavit is based on personal knowledge. Under the synonym *aware* (which, had it been used alone, would likewise have been insufficient to establish personal knowledge of the affiant and which is defined as "having or showing realization, perception, or knowledge"), a list of synonyms is given with distinguishing meanings. In this list appears: "*Cognizant* implies having special or certain knowledge as from first sources; . . . ."

■ An affidavit based on personal knowledge must be positive and unequivocal in stating that the allegations are true and that the matters sworn to are within the personal knowledge of the affiant. See 2 McDonald, Texas Civil Practice, sec. 5.15.1 (1970). Rule 658 permits two kinds of affidavits which may accompany the application for writ of garnishment—the first is based on personal knowledge; the second is based on "information and belief" but only if those facts which provide the grounds for such information and belief are specifically stated. We recognize that in some cases of accepted usage, the word *cognizant* can imply the kind of knowledge required in the first category of affidavits, but we hold that the ruling of the trial court that this particular affidavit was defective was within the court's discretionary authority since this language of implication does not state clearly, positively and unequivocally that the affiant was swearing to matters within his personal knowledge. No supporting facts as required for an information and belief affidavit were given. The trial court's exercise of discretion in this area will not be disturbed.

The trial court also held that the writ of garnishment was defective because the application did not comply with all statutory requirements. For a post-judgment garnishment, art. 4076(3) requires that the plaintiff have a valid subsisting judgment and that the defendant has not, within the affiant's knowledge, property in the defendant's possession within the state, subject to execution, sufficient to satisfy the judgment. This affidavit, had it been in the proper form and with the necessary supporting facts, complied with these requirements. Requirements of art. 4076(2) do not apply to post-judgment writs of garnishment.

Another defect noted by the trial court was that the writ of garnishment was not attested to by the clerk with the seal of the court thereon. We find no evidence to support a finding that the seal was in fact on the writ. The writ must have the seal of the issuing court impressed on it, and failure to do so is reversible error, as discussed by the Commission of Appeals in *Houston Oil Co. v. Randolph*, 251 S.W. 794 (Tex. Comm'n App.1923, opinion adopted). In that case the Commission quoted with approval from *Choate v. Spencer*, 13 Mont. 127, 20 L.R.A. 424, 40 Am.St.Rep. 425, 32 P. 651 (1893):

> "The execution was not jurisdictional. It was only a procedure in the case; its sole function being to carry into effect the judgment of the court. The omission of the seal therefrom did not of itself mislead or injure defendant. The law does not require a copy of the writ to be served upon him. The error in not affixing the seal was an error on the part of an officer of the court acting in a ministerial capacity." 251 S.W. 797.

Thus the failure of the clerk to affix the seal rendered the writ voidable, not void, and it is therefore subject to being set aside on appeal. The garnishor, if entitled to issuance of the writ at all, is entitled to issuance of a properly processed writ, including impression of the seal. The writ was issued by an officer of the court, and the failure to have the seal on it correctly is attributable to an officer of the court and not to one of the parties. In regard to the missing seal only, the trial court, had Metroplex so moved in writing, should have corrected the deficiency. This error, however, does not constitute reversible error in this case because the trial court was not requested to correct the deficiency of the seal, because the trial court was acting within its authority to refuse permission for Metroplex to amend to correct the application and affidavit deficiencies, and because we affirm the trial court's action in quashing the writ on another ground.

The lack of the seal is unrelated to the alleged deficiencies in the application and affidavit, all of which were raised by Brown in his motion to dissolve the writ of garnishment. Although Metroplex in its brief in opposition to defendant's motion to quash and/or dissolve writ argued that the motion should not be granted for the reasons stated by Brown, Metroplex specifically requested only that the court grant it leave to amend its application for writ of post-judgment garnishment. Garnishment is a harsh remedy, and the law, long before the 1977 rule amendments, has required strict compliance with all requirements. *Jacksboro National Bank v. Signal Oil & Gas Co.*, 482 S.W.2d 339 (Tex.Civ.App.— Tyler 1972, no writ) and *Buerger v. Wells*, 110 Tex. 566, 222 S.W. 151 (1920). Rule 679 authorizes correction of clerical errors (such as the missing seal) but does not apply to substantive matters, such as the sufficiency of the required supporting affidavits or other deficiencies in the application for writ of garnishment.

Metroplex in its second point of error asserts that the trial court erred in granting the motion to dissolve the writ of garnishment and in ordering the replevy bond dissolved because the motion failed to comply with the requirements of Rule 664a. This rule requires a defendant seeking to have a writ of garnishment dissolved or modified to admit or deny each finding of the order granting the writ. If the defendant is unable to do that, then he is to set forth the reason why he cannot admit nor deny the finding.

This writ was granted with findings made by the court. These findings were basically that there was an outstanding judgment against Brown now held by Metroplex and that the affidavit in the application for the writ asserted Brown did not have other sufficient property to pay the debt and asserted Metroplex had reason to believe that First National Bank of Bridgeport was indebted to Brown. Although not specifically enumerated, these findings were addressed in Brown's motion to quash, in which he admitted the court's finding concerning the preexisting judgment and in which he discussed the property (bank accounts) which were then subject to garnishment. This response is sufficient to comply with the requirements of Rule 664a. Metroplex's second point of error is overruled.

■ The final question on this appeal is raised by surety, United States Fire Insurance Company, which contends that Metroplex's failure to file a supersedeas bond to stay the order of the court releasing it as surety prevents this court from granting the relief sought by Metroplex of reinstating the replevy bond, since surety was required to obey the order of the court and release the security. Surety argues that reinstatement of the replevy bond would prejudice its interest, and that the failure to file the supersedeas bond releases surety from any liability on the replevy bond.

The judgment of the trial court quashing the writ of garnishment and ordering the surety to release the collateral is affirmed. The trial court quashed the writ by order of December 28, 1979, and released the surety by order of January 4, 1980. Both judgments are appealed according to the appeal bond, although only the order of December 28, 1979, is referred to specifically. Since we have affirmed the judgment quashing the writ and the order releasing the surety, the surety is in no way prejudiced by its having heretofore released the collateral, therefore, this cross point is moot.

Judgment of the trial court is affirmed.